SMITH & COMPANY *et al.* v. WOOLARD.

1. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540.
2. A non-resident may acknowledge service so as to waive jurisdiction as to himself; but such waiver will not affect third parties.
3. The petition in this case does not pray for substantial relief against any defendant residing in Worth county, where it was filed; and the plaintiffs in error being residents of a county other than Worth, the superior court of that county had no jurisdiction of the case; and it was error for the trial judge to overrule the demurrer.
JUNE 13, 1917.

Equitable petition. Before Judge Cox. Worth superior court. June 3, 1916.

Henry D. Woolard originally owned a lot of land in Worth county, upon which he executed a mortgage and a security deed to the First National Bank of Moultrie. Afterward he obtained a loan from Harriet B. Corcoran of Massachusetts. Later he conveyed the land to E. L. Bryan, subject to the obligations just mentioned. Bryan sold a portion of the land to Mrs. Sarah E. Wool-

ard. Before the filing of the suit the First National Bank of Moultrie transferred its mortgage and security deed, through the Citizens Bank, to Howard M. Smith & Company, of Bibb county. Mrs. Sarah E. Woolard, of Worth county, filed a petition in the superior court of Worth county, against C. Grubbs of Worth county, E. L. Bryan of the State of Florida, Mrs. Harriet B. Corcoran of Massachusetts, and Howard M. Smith & Company of Bibb county (and by amendment added Henry D. Woolard), alleging, in substance, that Mrs. Corcoran was attempting to exercise the power of sale contained in her security deed, and for that purpose was, by the co-operation of C. Grubbs, publisher of the "Worth County Local," advertising and attempting to sell the land in question; that Howard M. Smith & Company, held the mortgage and security deed which Bryan had agreed to pay off; and that Smith & Company were agents of Mrs. Corcoran. It was prayed that the mortgages to the bank and the security deed to Mrs. Corcoran be delivered up and canceled; that the court decree a marshaling of securities, and require Smith & Company and Corcoran and Bryan to do equity; and that Mrs. Corcoran, if she still has a security deed, be enjoined from proceeding as to the land of petitioner until the security on the other three-fourths of the land be exhausted. No relief was prayed against Henry D. Woolard or against Bryan, except that Bryan be required to do equity. The defendant Grubbs was not mentioned in the prayers by name. There was a prayer that publication of the notices of sale, and the sale itself, be restrained; and a prayer for general relief. Howard M. Smith & Company filed a demurrer upon numerous grounds, all of which were overruled; and it is upon this judgment that error is assigned.

J. D. Blalock and Ryals & Anderson, for plaintiffs in error.

T. H. Parker, J. H. Tipton, R. J. Bacon, and R. H. Ferrell, contra.

GILBERT, J. (After stating the foregoing facts.) The petition is afflicted with several infirmities. But it is only necessary to deal with one, since this requires a reversal of the judgment rendered below. One ground of the demurrer attacked the vitals of the proceeding, by denying jurisdiction of the court as to Howard M. Smith & Company. It must be observed that Mrs. Corcoran and Bryan were non-residents; that there is no prayer for relief

against Henry D. Woolard; that the only relief that can be construed as prayed against Grubbs is that the advertisement in the paper be restrained; and that Howard M. Smith & Company are not residents of Worth county, but are residents of the county of Bibb. Our constitution declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540. A prayer that an advertisement in a newspaper of the sale of property be restrained, where the publisher has no interest in the sale, is not a prayer for substantial relief as to him. Under the guise of an equitable suit one can not draw defendants against whom substantial relief is prayed out of their county, by connecting with them on vague allegations others against whom no specific relief could be had from the facts alleged. *Mackall* v. *West,* 67 *Ga.* 282. Allegations against such publisher, to the effect that such advertisements of the sale of property are tortious against a claimant in possession, or libelous of the title of such claimant, are without merit and can add no strength to the allegations of the petition as to the defendant Grubbs. It is true that Bryan acknowledged service, thus waiving want of jurisdiction as to himself. But third persons are not affected by such waiver. Civil Code (1910), § 5663; *Central Bank of Georgia* v. *Gibson,* 11 *Ga.* 453 (4). It appearing from the petition that no substantial relief is prayed against any party litigant who is a resident of Worth county, where the suit was brought, the superior court of that county is without jurisdiction; and it was error for the trial judge to overrule a demurrer which brought in question and denied the jurisdiction of the court. *Toland* v. *Camp,* 138 *Ga.* 334 (75 S. E. 138). The sole issue being as to the ruling on the demurrer, the court will look only to the pleadings, without considering any other matters or anything appearing aliunde. *Seibels* v. *Hodges,* 65 *Ga.* 245 (3), 247.

*Judgment reversed. All the Justices concur.*