*William H. Fleming* and *Fullbright & Burney,* for defendants.

---

## McMILLAN *v.* SPENCER, administratrix, *et al.*

1. Where a defendant in a suit on a promissory note files an equitable amendment to his answer, seeking to bring in a new party and to recover a judgment over against him in the event the plaintiff recovers from the defendant, a bill of exceptions filed by such person to an order making him a party, upon which the plaintiff and defendant named in the original petition (though not designated in the bill of exceptions as defendants in error) have duly acknowledged service, may be amended by naming such original parties to the suit as defendants in error.

2. A cause may be carried to the Supreme Court upon a bill of exceptions while the case is pending in the trial court, where "the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been . . final as to some material party thereto." Civil Code (1910), § 6138. An order making a new party as mentioned in the first note would have been a final disposition of the cause relatively to such new party had the trial court refused to make him a

---

Appeal and Error, 3 C. J. p. 457, n. 29; 4 C. J. p. 316, n. 30.
Indemnity, 31 C. J. p. 446, n. 84; p. 451, n. 29.
Pleading, 31 Cyc. p. 473, n. 97; p. 477, n. 50; p. 479, n. 82 New.

party, and consequently the writ of error sued out by him was not prematurely obtained.

3. The motion to dismiss the bill of exceptions is without merit.

4. If the payee named in a promissory note transfers the note to avoid a defense of nudum pactum by the maker, and the transferee recovers judgment upon the note in a suit against the maker under facts that would not authorize a judgment in favor of the payee, the maker will have a right of action against the payee for the amount he may have been compelled to pay to satisfy the judgment.

5. If a transferee, having received a note of the character and under the circumstances stated in the fourth division, in pursuance of a collusive arrangement with the payee for the purpose of avoiding the plea of nudum pactum, institutes a suit against the maker alone, the maker has an equitable right to have the transferor made a party defendant in order that an appropriate decree may be molded against him in favor of the maker upon payment of the amount for which the transferee might recover a judgment against the maker.

6. The judgment making the transferor a party defendant was not erroneous on the ground that the judge was unauthorized to cause him to be made a party defendant upon a rule issued, requiring the defendant to show cause less than twenty days from the issuance of the rule why he should not be made a party defendant.

No. 5025. Sᴇᴘᴛᴇᴍʙᴇʀ 18, 1926.

Complaint. Before Judge J. B. Jones. Habersham superior court. June 1, 1925.

The holder of a promissory note by indorsement brought suit on the note against the administrators of the maker, returnable to the November term, 1922. The defendants filed an answer pleading non est factum, nudum pactum, and denying that plaintiff was a bona fide holder for value. On March 3, 1924, the defendants presented to the judge an amendment to their answer, reiterating their defense that the note was without consideration, and alleging that plaintiff received the note as collateral security for a pre-existing debt with notice of its want of consideration, and that plaintiff held the note under a collusive arrangement between himself and the indorser, to enable the plaintiff to sue the maker alone in the hope of avoiding the above-mentioned defenses; also, that if plaintiff should recover against defendants, they would be entitled to a judgment over against the indorser, and that in order to have such relief the indorser was a necessary party. The prayers were: (a) That the court issue a rule nisi calling upon the indorser to show cause instanter why he should not be made a party to the suit. (b) That the indorser be made such party. (c) That if plaintiff should recover against defendants, they have

judgment over against the indorser; and that they have general relief. The judge issued a rule nisi returnable March 5, 1924. On the day last mentioned the respondent interposed written objections to being made a party in the case, and moved dismissal of the rule nisi, on the grounds that the rule was not such as was required by law; that the date fixed for answer to the rule was not 20 days from the date of its issuance, as required by law; and that the respondent was not afforded sufficient notice nor did the petition allege reason why the respondent should be made party. On June 1, 1925, the judge passed an order allowing the amendment, and made the indorser a party to the action. The indorser presented his bill of exceptions assigning error on the above judgment. The bill of exceptions contained averments that the amendment was presented and the rule nisi was granted during the March term; that, the respondent's objections and motion to dismiss having been filed as above stated, the judge, on June 1, 1925, entered a written order declaring that it was necessary to make the indorser a party, and offering to have a rule issued "returnable within 20 days," and thereupon passed an order allowing the amendment and making the indorser a party as prayed; that thereupon the indorser stated that he objected to the order on the ground that it was improper to make him a party, "and that he has not been given proper and sufficient notice in the cause, but that, the court having made him a party, . . respondent is ready to go on with the trial of the case." Also that the respondent filed an answer which was allowed without prejudice to his above-mentioned objections; and that the case proceeded to trial and resulted in a mistrial. The bill of exceptions did not name any person as defendant in error. The plaintiff and defendants named in the original petition having acknowledged service of the bill of exceptions, the bill of exceptions was amended by naming them as defendants in error. A motion was made to dismiss the bill of exceptions, on the grounds, (a) that the case is still pending in the trial court; (b) the judgment excepted to is not a final judgment; (c) the plaintiff was not made a party nor was there any defendant in error. The plaintiff and defendants named in the original petition had acknowledged service of the bill of exceptions; and in order to meet the last ground of this mo-

tion to dismiss, the bill of exceptions was amended by the record so as to name them as parties defendant in error.

*I. H. Sutton* and *Dean & Wright,* for plaintiff in error.

*J. C. Edwards & Son, Branch & Howard,* and *Charters & Wheeler,* contra.

ATKINSON, J. 1-4. The rulings announced in headnotes one to four, inclusive, do not require elaboration.

5. The plaintiff suing as transferee of the note did not join the transferor (the payee named in the note) as a party defendant. The defendant's answer admitted execution of the note, and pleaded in avoidance thereof that the note was executed without consideration, that the plaintiff was not a bona fide holder for value, but that he had received the same under a collusive arrangement with the transferor to protect the latter as an innocent holder against the defense of the maker. It was not certain that the defense would be sustained as against the plaintiff, even conceding that the note was without consideration; consequently the defendant amended his answer so as to set up a claim for a judgment over against the transferor if the defendant should be held liable to the plaintiff, and to that end prayed that the transferor be made a party defendant. It is upon the order allowing this amendment that the bill of exceptions assigns error. The act approved October 16, 1885 (Acts 1884-5, p. 36), as now embodied in the Civil Code, provides in part: "A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief, may claim legal or equitable relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." Civil Code (1910), § 5410. Also, that "Any defendant may also, if it is necessary to obtain complete relief, make necessary parties." § 5411. The uniform procedure act approved October 24, 1887, provides in part: "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Civil Code (1910), § 5406. Those laws made radical changes in the law relating to procedure; and there can be no doubt, from application of the plain language of these statutes, that the defendant had the right to set up the matters urged and relied on in his

plea, and also to have the transferor made a party for the purpose of molding an appropriate decree against him as the facts might justify. It is urged that the amendment should not have been allowed, as the plaintiff should not be delayed on account of any issue between the defendant and the transferor. If that would make a difference, the plaintiff in this case is not complaining, and it would not afford the transferor any ground of complaint.

6. The next question relates to the manner of bringing in a new party defendant against his volition, where affirmative relief is sought against him. The act of 1895 (Acts 1895, p. 47) is applicable. It was thereby provided: "Where for any cause it becomes necessary or proper to make parties, the judge shall cause a rule to be prepared, signed by him, either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation." Civil Code (1910), § 5601. The act also provided: "In all cases, except those in which representatives of deceased parties are made, the new party shall be entitled to the same time within which to prepare for trial as if he had been one of the original parties to the cause; but in all cases now or hereafter pending in the courts of this State, any original or new party may consent to the trial at the first term, provided the case is ready for trial." § 5602. The provision first above quoted authorizes the judge to make the rule to show cause returnable in term or vacation. No time is prescribed at which the rule shall be returnable. That time is left to the discretion of the court. Upon return of the rule the judge can do no more than allow or refuse to allow the respondent to be made a party. The matter of time for preparation for trial is governed by the provisions of the act quoted in the second instance, that is to say the provisions of the Civil Code (1910), § 5602. Under that law he should not be ruled to trial instanter. He would "be entitled to the same time within which to prepare for trial as if he had been one of the original parties to the cause." It thus appears that the two sections of the statute constitute separate parts of the legislative provision, the one relating to the mode of making a new party, and the other the time which shall be afforded him for preparing his defense. The judge had express statutory authority for making the transferor a party defendant in the manner which was pursued.

The order making him a party did not deprive him of time in which to prepare for trial. According to his statement to the judge he did not desire time.

*Judgment affirmed. All the Justices concur.*