HUCKABEE AUTO COMPANY. *v.* NORRIS *et al.*

No. 13331.   JUNE 14, 1940.

516

*Martin, Martin & Snow,* for plaintiff in error.

*H. F. Griffin* and *R. Earl Camp,* contra.

GRICE, Justice. The sole question to be determined is whether the maker of a promissory note, when sued at law by a transferee, may file an answer in the nature of a cross-action and maintain against the original payee an equitable action, notwithstanding the payee resides in a county other than the one wherein the suit is pending. Under the procedure which obtains in this State, it is permissible for a defendant sued at law to file such pleadings as will convert the case into one in equity; and new parties may be made in equity cases. But neither of these two propositions, nor both of them combined, will authorize an action in a forum forbidden by our constitution. Article 6, section 16, of that instrument deals with venue. Paragraph 3 (Code § 2-4303) declares that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." This means substantial equitable relief. *Wright* v. *Trammell,* 176 *Ga.* 84 (166 S. E. 866), and cit. There being in Twiggs County no defendant against whom such relief is prayed, it was erroneous to make, on motion, a resident of another county a party defendant, even though in the cross-action substantial equitable relief was sought as to him. Compare *Toland* v. *Camp,* 138 *Ga.* 334 (75 S. E. 138); *Smith* v. *Woolard,* 147 *Ga.* 58 (92 S. E. 867); *Wright* v. *Trammell,* supra; *Bradley* v. *Burns,* 188 *Ga.* 434 (4 S. E. 2d, 147). While *Barnes* v. *Banks,* 154 *Ga.* 706 (115 S. E. 71), was a case at law, and therefore distinguishable, its reasoning is in point here, because, under facts similar to those before us, a maker of a note, sued with the indorsers who resided in a different county, filed against the latter a "cross-petition." This cross-petition was dismissed on motion of the indorsers. This court ruled "that the

court did not err in dismissing the 'cross-petition.' Under the constitution an action must be brought in the county of the defendant's residence, and neither of the indorsers, who were the defendants in the 'cross-petition,' resided in Jones County. While they could be sued there with the makers of the notes, because they were joint obligors, the makers could not maintain in that county the 'cross-petition' against them." The decision in *McMillan* v. *Spencer*, 162 *Ga.* 659 (134 S. E. 921), relied on by counsel for defendant in error, dealt with the proposition that the defendant had a right to set up the matters urged in his plea, and to have the transferor made a party; but no question of venue was involved. In that case J. W. McMillan, who occupied a position similar to that of Huckabee Auto Company here, did not urge, as a reason why the motion to make him a party should not be granted, that the superior court of the county where the suit was pending had no jurisdiction of him, because of non-residence. It did not appear in that case, as it does here, that the new party did not reside in the county of the forum. The record in the McMillan case has been examined, and it is nowhere shown therein that he was not a resident of Habersham County. The question that controls the instant case was not there involved.

*Judgment reversed. All the Justices concur.*