## 27210. SHELL v. WATTS et al.

Argued July 10, 1972—Decided September 7, 1972—
Rehearing denied September 25, 1972.

*Frank M. Gleason, Ross L. Hatcher, III,* for appellant.

*John E. Wiggins, Lindsay H. Bennett, Jr., Covington, Kilpatrick & Storey, Mitchell & Mitchell,* for appellees.

Mobley, Chief Justice. This court granted certiorari in the case of *Shell v. Watts,* 125 Ga. App. 542 (188 SE2d 269), to correct a misconstruction of the opinion of this court in *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68), regarding jursidiction of third-party defendants.

Mrs. Evelyn Watts sued Clayton Shell for the homicide of her minor son, Steve Watts. Shell sought to bring in two additional persons as third-party defendants, Elliott and Helton, alleging that the shotgun with which Shell accidentally shot Watts was defective, that Elliott sold the shotgun to Helton, and Helton sold it to William Watts, father of the deceased Steve Watts, both warranting the shotgun to be fit for the ordinary purposes for which it would be used. Judgment was demanded against the third-party defendants for all sums which Mrs. Watts may recover against Shell.

Helton is a resident of Catoosa County, the county in which the original action was brought. Elliott is a resident of Floyd County. Shell alleged that the two third-party defendants were joint trespassers, and that Elliott is subject to the jurisdiction of Catoosa Superior Court since his joint trespasser is a resident of Catoosa County. The trial judge sustained the motion of Elliott to dismiss the third-party complaint against him because he is a resident of Floyd County.

The Court of Appeals in Headnote 4 of the opinion (*Shell v. Watts,* 125 Ga. App. 542 (4), supra) held as follows: "Elliott was properly dismissed since under the authority of *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68), the constitutional provision (Art. VI, Sec. XIV, Par. VI; *Code Ann.* § 2-4906) requires all suits to be tried in the county where the defendant resides. The Supreme Court there held that Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) of the Constitution allowing joint tortfeasors, residing in different counties, to be sued in either county, has no bearing on the issue where defendants seek contribution from third-party defendants for any judgment obtained against them. . ."

The factual situation in *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, supra, makes that case distinguishable from the case now under consideration. In the *Register* case neither of the third-party defendants was a resident of the county in which the action was brought. This court held that the third-party complaint was an independent action requiring an independent venue. It was therefore held that the constitutional provision vesting the jurisdiction of actions against joint trespassers in the county of the residence of either "has no bearing on the issue here."

In the present case Shell by third-party complaint sued two alleged joint tortfeasors in the county of the residence of one of them. The Constitution, Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) gives the court of the residence of either tortfeasor jurisdiction of the action, and the Court of Appeals erred in affirming the judgment of the lower court dismissing the third-party complaint against Elliott.

*Judgment reversed in part. All the Justices concur, except Jordan, J., disqualified.*