## 27621. SMITH v. FOSTER et al.

UNDERCOFLER, Justice. Pennsylvania Millers Mutual Insurance Company filed suit against Virgil T. Smith in Whitfield County where he is a resident. It alleged Smith served as its agent until April 30, 1969 when said agency terminated. It claimed Smith was illegally withholding from it certain insurance premiums which had been received by him as trust funds during the period he had been its agent. It also claimed other amounts due on account and expenses of litigation.

Smith, among other defenses, asserted that there had been an accord and satisfaction between the complainant and him because he had entered into a partnership agreement with one Foster, a resident of Cobb County and also an agent of the complainant, under the name of Insuror's Associated, "whereby your defendant agreed to broker all of his business placed for Pennsylvania Millers Mutual Insurance Company through the said M. A. Foster in consideration of a

sharing of expenses with said M. A. Foster, the paying of said Foster from the profits of said business, and an assumption of all prior indebtedness of your defendant to the plaintiff by M. A. Foster." Smith asserted further that Pennsylvania Millers, ". . . assented in and to this working arrangement, and transfer of indebtedness." In addition Smith claimed Foster was indebted to him for certain amounts upon a partnership accounting.

Smith moved that Foster be joined as an additional defendant. The trial court ordered that Foster be joined as a necessary party defendant. Thereafter, Foster moved to dismiss his joinder as a defendant because Smith's claim against him was an independent action and suit was required to be instituted in Cobb County, the place of his residence. The trial court granted Foster's motion and dismissed his joinder as a party defendant under the authority of *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123 (179 SE2d 68). This appeal followed. *Held:*

1. The appellant contends that the trial court erred in applying the *Register* case to the instant case. He argues that the *Register* case involved third party practice as provided for in Code Ann. § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979) which is an independent action and can only be brought in the county of the third party's residence. He submits that the joinder of Foster in the instant case as an additional defendant is not an independent action and is not a third party proceeding but is the joinder of a person needed for the just adjudication of the case as provided for by Code Ann. § 81A-119 (a) (Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694).

Where an additional defendant is essential for a just adjudication among the existing parties to the original suit and he could have been joined originally, upon proper motion the trial court should grant the joinder.

Code Ann. § 81A-119 (a) (Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694). However, where the complainant has the right of election as to which defendants he will proceed against, Code Ann. § 81A-119 (a) has no application. *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, supra. See *Shell v. Watts,* 229 Ga. 474 (192 SE2d 265). *Barnes v. Banks,* 154 Ga. 706 (115 SE 71); *Huckabee Auto Co. v. Norris,* 190 Ga. 515 (9 SE2d 840, 129 ALR 913).

In such circumstances complete relief can be accorded among the existing parties. To hold otherwise would destroy the plaintiff's right of election.

In the instant case the complainant is proceeding against Smith on his individual delinquent account, not a partnership account. The fact that Foster may have assumed payment of the account with the consent of the plaintiff does not require a finding that Foster is an essential party to this action. As alleged by Smith, these facts may constitute an accord and satisfaction or Foster may be liable to him under their agreement. However, neither Pennsylvania Millers nor Smith contend that the original action is upon a partnership obligation. On the contrary, Smith contends that Foster is solely responsible for the debt. This is an independent claim. The original suit can be justly adjudicated without Foster. Therefore, he is entitled to his constitutional right of venue and must be sued by Smith in the county of his residence. Accordingly, the trial court did not err in dismissing Foster's joinder.

2. Foster being properly dismissed on motion, it is unnecessary to decide whether the trial court erred in denying Smith's motions to strike Foster's answer, file a more definite answer, and to produce certain documents.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

ARGUED DECEMBER 11, 1972 — DECIDED FEBRUARY 9,

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr., William T. Boyett,* for appellant.

*White, Webb & Jewett, C. Lawrence Jewett, Nunn, Geiger & Rampey, James Geiger,* for appellees.

JORDAN, Justice, dissenting. In my opinion the facts and pleadings of this case bring it within the purview of Code Ann. § 81A-119 (a). To avoid a multiplicity of suits and provide a just adjudication of the controversy the defendant Smith should be able to join Foster as a party defendant, or in my opinion bring him in as a third party defendant, the holding in *Register v. Stone's Independent Oil Distributors,* 227 Ga. 123, cited in the majority opinion, to the contrary notwithstanding.

The Superior Court of Whitfield County is the proper venue by reason of the defendant Smith's residence. The defendant Smith's pleadings are to the effect that he and Foster are partners doing business in Whitfield County; that he had made payments to Foster sufficient to satisfy any claim plaintiff might have against him; and that Foster has assumed all prior indebtedness of his under such agreement. To allow joinder of Foster under these circumstances would not defeat the plaintiff's right of election but merely bring into court all parties necessary to a just adjudication of the controversy, allowing plaintiff to recover under proper proof against either or both of the defendants.

In my opinion this court should re-examine its holding in the *Register* case, supra, relied on in the majority opinion. This holding has had a chilling effect on the more liberal venue aspects of the Civil Practice Act and third party practice in general. We have recently clarified it to some extent in *Shell v. Watts,* 229 Ga. 474 (192 SE2d 265). Also, this court in two recent opinions has liberally construed the Long Arm Statutes so as to make

non-resident defendants more amenable to the courts of this state. Georgia's hodge-podge constitutional and statutory venue provisions have long needed a revision in the light of modern day requirements. See Venue in Georgia: Problems and Proposals, 9 Ga. State Bar Journal 254, Nov., 1972.

ON MOTION FOR REHEARING.

Foster's motion to dismiss was properly considered by the trial court. Code Ann. §§ 81A-112(b), 81A-119(a) (Ga. L. 1966, pp. 609, 622, 630; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693, 694).