66315. MEEKS v. PFIZER, INC. et al.
66316. McDUFFIE et al. v. MEEKS.

BANKE, Judge.

Meeks was employed by Pfizer, Inc., as a sales representative from 1973 until his discharge in May 1981. He subsequently brought suit against Pfizer, Bill McDuffie (his former district manager), and Bob Bittner (his former regional manager), alleging a conspiratorial interference with his employment contract rights by all three defendants and a tortious interference with those contract rights by Pfizer. In case no. 66315, Meeks appeals from the trial court's grant of summary judgment for Pfizer, while in case no. 66316, McDuffie and Bittner appeal the denial of their motion for summary judgment.

Meeks' oral contract of employment provided that should he fail to meet his sales quota for two consecutive years or should his sales fall within the bottom 20 percent of the national division for three consecutive years, he would be subject to probation and subsequent termination upon an unsuccessful period of probation. Pfizer's vice-president of sales had to approve any such adverse action against an employee. It was undisputed that Meeks attained only 88.5 percent of his sales quota in 1978, 99.9 percent in 1979, and 89.5 percent in 1980, and that his sales record was in the bottom 20 percent

of the national division during the same 3-year period. On January 26, 1981, Meeks was placed on probation by McDuffie, at the command of B. J. Robison, the vice-president of sales; and on May 29, 1981, he was formally discharged because he did not meet his quota during the probation period. After Meeks' departure, McDuffie resigned his position as district manager and took over Meeks' position and territory as a sales representative. *Held:*

An indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination. See generally OCGA § 34-7-1 (Code Ann. § 66-101); *Ga. Power Co. v. Busbin,* 242 Ga. 612 (250 SE2d 442) (1978); *McElroy v. Wilson,* 143 Ga. App. 893 (240 SE2d 155) (1977). Further, no actionable conspiracy arises from the authorized exercise of a legal right to discharge. See *Ga. Power Co. v. Busbin,* supra; *Clark v. Prentice-Hall, Inc.,* 141 Ga. App. 419 (233 SE2d 496) (1977). In this case, Meeks acknowledged that his contract of employment was indefinite, and Pfizer was thus within its legal rights to discharge him. Accordingly, the trial court properly granted summary judgment to Pfizer on both counts.

Under the above authorities, Meeks similarly had no cause of action against McDuffie and Bittner for conspiracy, absent a showing that they conspired unlawfully to procure his discharge. The evidence shows without dispute that it was Robison who actually instigated the adverse employment action, following his review of all employee performance records when he assumed the position of vice-president in April 1980. The record simply contains no evidence of any effort or entreaty by McDuffie or Bittner to secure the dismissal of Meeks. The only evidence which would in anyway indicate that either of these two had anything to gain by engaging in such conduct is the fact that subsequent to Meeks' discharge, McDuffie resigned as district manager and filled Meeks' position as sales representative. Assuming *arguendo* that this circumstance supports an inference of conspiratorial conduct, it does not rebut the positive evidence proffered by McDuffie and Bittner that Robison was the one who investigated Meeks' employment record and decided upon the adverse action. On motion for summary judgment, an inference which may or may not be drawn from circumstantial evidence is insufficient to create a factual conflict for jury resolution when refuted by direct evidence to the contrary. See *McElroy v. Wilson,* supra; *Floyd v. Colonial Stores,* 121 Ga. App. 852 (176 SE2d 111) (1970). Meeks supported his claim only with conclusory and unproven allegations, and the trial court should have granted summary judgment to McDuffie and Bittner, as well as to Pfizer.

*Judgment affirmed in case no. 66315; and reversed in case no.*

*66316. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1983.

*Charles W. Byrd, Garland T. Byrd,* for appellant (case no. 66315).

*Thomas C. Alexander,* for appellees.

*Thomas C. Alexander, H. Jerome Strickland,* for appellants. (case no. 66316).

*Charles W. Byrd, Garland T. Byrd,* for appellee.