69710. BENDIX CORPORATION v. FLOWERS.

(330 SE2d 769)

CARLEY, Judge.

Appellee-plaintiff Flowers had been an employee of appellant-defendant Bendix Corporation for approximately 20 years when, on September 30, 1980, he was separated from his employment for inability to perform his duties. Subsequently, appellee filed a multi-count complaint against appellant alleging, among other assertions, claims for wrongful termination, corporate waste endangering appellee's pension rights, failure to deal fairly and in good faith, and age discrimination in violation of a Tennessee statute. The trial court granted summary judgment in favor of appellant "as to *all* issues *except* the issue as to wrongful termination . . . since there is an issue of fact based upon sworn testimony that certain representations were made to [appellee] regarding disability." (Emphasis supplied.) Pursuant to OCGA § 9-11-54 (b), the trial court directed the entry of final judgment as to all issues except that of wrongful termination, and appellee did not appeal the adverse adjudication as to those issues. Following further discovery, appellant filed a renewed motion for summary judgment. This motion was denied, but the trial court certified its order for immediate review. This court granted appellant's application for an interlocutory appeal from the order denying its motion for summary judgment as to the issues involving wrongful termination.

With regard to the claim based upon wrongful termination, appellee essentially asserts that he was wrongfully separated from his employment because he applied for full-time disability status. It is undisputed that there was never a written employment contract between the parties, and that appellee was paid on a monthly basis. Appellee does not allege, nor did he produce any evidence in opposition to appellant's motion for summary judgment, that his employment with appellant was for other than an indefinite period. " 'Giving those facts all inferences favorable to the plaintiff they point to only one conclusion, that as a matter of law the plaintiff's contract of employment was indefinite and was, under [OCGA § 34-7-1], terminable at will by either party. [Cits.] Where a plaintiff's employment is terminable at will, the employer *with or without cause and regardless of its motives*, may discharge the employee without liability. [Cits.]" '

[Cit.]" (Emphasis supplied.) *Hall v. Answering Service*, 161 Ga. App. 874, 875 (289 SE2d 533) (1982). See also *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815 (305 SE2d 497) (1983).

Thus, even if appellant's decision to separate appellee from his employment was prompted by his application for full-time disability benefits, this would not give rise to a cause of action for wrongful termination. The statutory rule that an indefinite hiring may be terminated at will "does not encompass [such an] exception. [Cit.]" *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978). See also *West v. First Nat. Bank of Atlanta*, 145 Ga. App. 808 (245 SE2d 46) (1978).

Furthermore, insofar as appellee alleges a conspiracy to bring about his wrongful discharge, "no actionable conspiracy arises from the authorized exercise of a legal right to discharge. [Cits.]" *Meeks v. Pfizer, Inc.*, supra at 816.

Accordingly, we find that the trial court erred in denying summary judgment in favor of appellant as to the remaining wrongful termination count.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 10, 1985 —
REHEARING DENIED APRIL 23, 1985.

*Elaine W. Whitehurst, Robert D. Ingram*, for appellant.
*John D. Varnell*, for appellee.