### 77398. PORTER v. BUCKEYE CELLULOSE CORPORATION.
(377 SE2d 901)

SOGNIER, Judge.

William Morgan Porter brought suit against Buckeye Cellulose Corporation for wrongful discharge from employment and wrongful failure to pay disability benefits. The trial court granted Buckeye's motion for summary judgment and Porter appeals.

The record reveals that appellant was employed by appellee, a subsidiary of the Procter & Gamble Company, from December 3, 1979, until his discharge on July 3, 1986. Appellant was not employed pursuant to a written employment contract or a contract for a definite term. Appellant was a participant in the Procter & Gamble Disability Benefit Plan (the Plan), an employee benefit plan funded by employee contributions and administered by a Board of Trustees (the Trustees) appointed pursuant to Plan provisions. On December 5, 1985, appellant was injured in an automobile accident not related to his job and was unable to work for some period of time thereafter. Appellant applied for and received Plan disability benefits for the period of December 5, 1985 through March 30, 1986, but his request for benefits from that time until the date of his discharge was denied by the Trustees on the ground that he was not totally disabled after March 30th. He was terminated by appellee for "excessive absenteeism" and failure to return to work after prior notice.

1. Appellant contends the trial court erred by granting summary judgment to appellee on his state law claim for wrongful discharge because material fact questions remain as to whether appellant was discharged without cause in violation of an oral contract of employment or was discharged because he applied for disability benefits.

"An indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination. [Cits.]" *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983); see OCGA § 34-7-1. Appellant does not allege that his employment with appellee was for a definite period. Even assuming, without deciding, that appellant's allegations that statements of his supervisors or the Buckeye employee manual created a contract of employment are correct, he has produced no evidence that such a contract established a definite period of employment. Thus, as a matter of law appellant's employ-

ment was terminable at will, and appellee could discharge him with or without cause and regardless of motive, *Bendix Corp. v. Flowers*, 174 Ga. App. 620 (330 SE2d 769) (1985), and accordingly summary judgment was properly granted to appellee on this claim.

2. Appellant also enumerates as error the trial court's grant of summary judgment to appellee on claims raised in his original and amended complaints concerning alleged violations of the Employee Retirement Income Security Act (ERISA), 29 USC § 1001 et seq. Appellant argues the trial court erroneously concluded it lacked subject matter jurisdiction to entertain appellant's ERISA claims because ERISA preempts any state law action.

(a) Liberally construed, appellant's original complaint states a claim against appellee for failure to pay Plan disability benefits. The parties agree the Plan is covered by ERISA, and therefore, we must determine whether the claim for denial of benefits is preempted by ERISA, and if so, whether the trial court retained concurrent jurisdiction.

With the exception of four narrow exclusions not relevant to this action, Congress has mandated that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 USC § 1144 (a); *Whitaker v. Texaco, Inc.*, 566 FSupp. 745, 748 (N.D. Ga. 1983). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law," 29 USC § 1144 (c) (1), and any state law having "a connection with or a reference to" an employee benefit plan covered by ERISA is preempted. *Shaw v. Delta Air Lines*, 463 U. S. 85, 97 (103 SC 2890, 77 LE2d 490) (1983). Federal district courts have exclusive jurisdiction over all ERISA claims except those brought by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 USC § 1132 (a) (1) (B); see 29 USC § 1132 (e) (1).

Appellant seeks to recover disability benefits he contends were due pursuant to the Plan provisions but wrongfully denied by appellee. This claim clearly relates to an employee benefit plan and thus is preempted by ERISA. 29 USC § 1144 (a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U. S. 4 (107 SC 1549, 95 LE2d 39) (1987); *Belasco v. W.K.P. Wilson & Sons*, 833 F2d 277 (11th Cir. 1987). However, concurrent jurisdiction for state courts is expressly retained for actions to recover plan benefits, 29 USC § 1132 (a) (1) (B); (e) (1), and accordingly the trial court erred by concluding it had no subject matter jurisdiction over appellant's claim to recover disability benefits. See *Bittner v. Sadoff &c. Indus.*, 728 F2d 820, 825 (7th Cir. 1984).

Nonetheless, the trial court also found that appellee was not a proper party to an action to recover disability benefits because appel-

lee was neither a party to nor a fiduciary of the Plan. The undisputed evidence reveals that appellant's request for benefits was denied by the Trustees, and appellee is not a Trustee under the Plan. There is no evidence appellee had any responsibility for or control over the Trustees' decision. Consequently, summary judgment in favor of appellee on this claim was proper because it made a prima facie showing of entitlement to judgment unrebutted by appellant, see *Leonaitis v. State Farm &c. Ins. Co.*, 186 Ga. App. 854, 856 (368 SE2d 775) (1988), and a correct trial court judgment will not be reversed regardless of the reasoning employed. *Coren v. Puritan Ins. Co.*, 184 Ga. App. 667, 669 (1) (362 SE2d 380) (1987).

(b) The original complaint included only the claims for wrongful discharge and failure to pay disability benefits. Appellant later amended his complaint to assert claims against the Trustees for breach of Plan obligations by failing to pay benefits, wrongful discharge in violation of Plan rights, and breach of fiduciary duties, all of which were based on ERISA. Although appellee observes in its brief before this court that the amendment did not expressly include appellee as a defendant, appellee did move for summary judgment on the claims alleged in the amended complaint, and evidence was presented relating to those issues. The trial court apparently construed the complaint as amended to add the additional claims against appellee, which it was authorized to do pursuant to OCGA § 9-11-15 (b), and as a result "the pleadings are deemed amended to conform to the evidence presented . . . ." *DeLoach v. Foremost Ins. Co.*, 147 Ga. App. 124, 125 (1A) (248 SE2d 193) (1978). Accordingly, we must determine whether the trial court properly granted summary judgment to appellee on those claims.

We do agree with appellee that the trial court did not have subject matter jurisdiction over the remaining ERISA claims asserted by appellant which are applicable to appellee. The allegation that appellant was unlawfully discharged "for exercising his rights pursuant to the plan" falls squarely within the parameters of 29 USC § 1140, which proscribes discharge of a plan participant "for exercising any right to which he is entitled under the provisions of an employee benefit plan," and thus is preempted by ERISA. 29 USC § 1144 (a); see *Kelly v. IBM Corp.*, 573 FSupp. 366, 370-371 (E.D. Pa. 1983), aff'd mem., 746 F2d 1467 (3rd Cir. 1984); *Johnson v. Transworld Airlines*, 149 Cal. App. 3d 518 (196 Cal. Rptr. 896, 900-902) (1983); *Witkowski v. St. Anne's Hosp.*, 113 Ill. App.3d 745 (447 NE2d 1016, 1019-1020) (1983). Unlike appellant's claim for recovery of plan benefits, this unlawful discharge claim arises under 29 USC § 1132 (a) (3), and consequently does not fall within the category of claims for which concurrent jurisdiction is authorized. See 29 USC § 1132 (a) (1) (B); (a) (3); (e) (1); see also *Johnson*, supra at 904; *Witkowski*, supra at 1020-

1021; see generally *Kross v. Western Elec. Co.*, 534 FSupp. 251, 252-254 (N.D. Ill. 1982). Similarly, the breach of fiduciary duty claim is preempted by 29 USC § 1109, which imposes personal liability upon plan fiduciaries for breach of "any of the responsibilities, obligations, or duties imposed upon fiduciaries by [ERISA]," see *Iron Workers Local v. Bowen*, 624 F2d 1255, 1259 (5th Cir. 1980); *Thomas v. Best*, 482 NYS2d 368, 371 (104 AD2d 37) (1984), and federal courts have exclusive jurisdiction because such a claim falls within Section 1132 (a) (3) of Title 29 rather than within Section 1132 (a) (1) (B). See *Thomas,* supra.

However, though the trial court was correct in concluding that it had no subject matter jurisdiction, the court was incorrect insofar as the judgment was styled as a grant of summary judgment rather than a grant of a motion to dismiss. Although this point was not raised by either party, we are constrained to note that a motion for summary judgment is designed to test the merits of a cause of action and cannot be granted on a matter in abatement. *C. W. Matthews &c. Co. v. Capital Ford*, 149 Ga. App. 354, 357 (254 SE2d 426) (1979). Because subject matter jurisdiction is such a matter, *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974), it must be resolved on a motion pursuant to OCGA § 9-11-12 (b), not by a motion for summary judgment. See id.; see also *C. W. Matthews,* supra. Therefore, "[w]e affirm the judgment of the trial court with direction that said judgment be amended to show that the dismissal is not on the merits of the appellant's claim and is without prejudice." *Dawson v. McCart*, 169 Ga. App. 434, 435 (2) (313 SE2d 135) (1984).

3. Appellant next enumerates as error the trial court's denial of his motion to add a party. The record reveals that when appellant amended his complaint to allege additional ERISA claims as discussed in Division 2 (b), he also moved, pursuant to OCGA § 9-11-19, to add the "Trustees of the Procter & Gamble Disability Benefit Plan" on the ground that he could not obtain complete relief in their absence, but the trial court denied the motion.

"A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties . . . ." OCGA § 9-11-19 (a). "Where an additional defendant is essential for a just adjudication among the existing parties . . . upon proper motion the trial court *should* grant the joinder." (Emphasis supplied.) *Smith v. Foster*, 230 Ga. 207, 208 (1) (196 SE2d 431) (1973). The trial court did not err by denying the motion to add the Trustees as defendants on the claims for breach of fiduciary duty and discharge in violation of Plan rights because the court had no subject matter jurisdiction, but we do find error in the denial of the motion to add the Trustees as to the claim for denial of benefits. We found in Division 1 that the

Trustees had exclusive authority to grant or deny participants' requests for disability benefits, and that the trial court had concurrent jurisdiction over appellant's claim for recovery of Plan benefits. Accordingly, we find that the Trustees were indispensable parties to appellant's action to recover disability benefits, and we reverse the denial of appellant's motion to add the Trustees as additional defendants on the benefit denial claim. See generally *S.D.H. Co. v. Stewart*, 135 Ga. App. 505, 508-509 (2) (218 SE2d 268) (1975). However, because the Plan states that the Board of Trustees shall be composed of five Procter & Gamble employees but appellant did not name the individual Trustees in his pleadings, we do not intimate whether the trial court can obtain personal jurisdiction over the Trustees or whether the benefit denial claim must be dismissed for failure to join indispensable parties. See *Coe v. Greenville Credit &c. Co.*, 164 Ga. App. 521, 523 (3) (298 SE2d 36) (1982); *Midland Nat. &c. Ins. Co. v. Emerson*, 121 Ga. App. 427 (a) (174 SE2d 211) (1970).

4. Appellant also contends the trial court erroneously denied his motion to compel discovery. The record reveals that on September 26, 1987, appellant served interrogatories, a document production request, and a request for admissions upon appellee, and that appellee answered only the request for admissions within the statutory time limit. Appellant filed a motion to compel, in which he moved the court to strike appellee's answer and enter a default judgment and award attorney fees, on December 30, 1987, and scheduled a hearing on the motion for January 26, 1988. Appellee then served responses to the remaining discovery on January 25th, and the trial court subsequently denied appellant's motion to compel.

OCGA § 9-11-37 (d) (1) provides that if a party fails to respond to discovery, upon motion the trial court *may* enter an order compelling discovery, imposing sanctions, or both, and that the court "shall require the party failing to act" or its counsel to pay attorney fees "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." As a general rule, the drastic sanctions of default and dismissal should be invoked only when the failure to respond to discovery " 'is wilful, in bad faith or in conscious disregard of an order.' [Cit.]" *Joel v. Duet Holdings*, 181 Ga. App. 705, 707 (353 SE2d 548) (1987). Trial judges have broad discretion in applying discovery sanctions, id., and this court will not reverse a trial court's decision on discovery motions absent a clear abuse of discretion. *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (1) (306 SE2d 362) (1983). There is some evidence in the instant case that the severe sanctions sought by appellant were not appropriate because there was not a total failure to comply with discovery, and appellant had obtained much of the requested information through discovery in another lawsuit pending be-

tween the parties. Accordingly, under these circumstances we find no abuse of discretion in the denial of appellant's motion.

5. Appellant's final enumeration of error is that the trial court erred by granting appellee's motion for attorney fees. We agree. A review of the record discloses that appellee filed a counterclaim for abusive litigation under the authority of *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). After the January 1988 hearing on appellant's motions to compel and to add a party, the trial court entered an order requiring appellant to show cause on March 15, 1988, why appellee should not be awarded attorney fees it incurred in defending the motion to compel, and also set the hearing on appellee's summary judgment for the same day. Appellee states that at the March hearing, which appellant did not attend, appellee moved orally for an award of attorney fees pursuant to OCGA § 9-15-14. The trial court then entered summary judgment in favor of appellee on the complaint and also on appellee's counterclaim, and awarded attorney fees of $500 against appellant's counsel pursuant to OCGA § 9-15-14 and *Yost*, supra, based on the court's finding that the suit was "frivolous, groundless and unreasonable" and displayed "a complete absence of justiciable issues of law or fact."

The damages recoverable under *Yost* consist of special damages *other than* attorney fees and expenses of litigation. *Ferguson v. City of Doraville*, 186 Ga. App. 430, 433 (367 SE2d 551) (1988). Therefore, the trial court erred by awarding attorney fees to appellee under *Yost*. Moreover, *Yost* claims may be decided only after the underlying action has been resolved, *Ferguson*, supra, and because we have found that this action must be remanded for further action by the trial court, any *Yost* award is premature. An award of attorney fees pursuant to appellee's OCGA § 9-15-14 motion is similarly erroneous at this stage of the litigation because we have concluded that appellant's claim is not devoid of "any justiciable issue of law or fact." OCGA § 9-15-14 (a). Further, we note that attorney fees may not be awarded absent proof of their value, *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981), and there is no indication in the record that such evidence was proffered in this case. Accordingly, we vacate the award of attorney fees.

*Judgment affirmed in part; reversed in part; vacated in part; and case remanded with direction. Carley, C. J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JANUARY 11, 1989.

*James N. Finkelstein*, for appellant.

*John G. Skinner, Dan T. Carter,* for appellee.