## A99A0804. STANFORD v. PAUL W. HEARD & COMPANY.
### (525 SE2d 419)

BARNES, Judge.

Jack M. Stanford appeals the grant of summary judgment to Paul W. Heard & Company ("Heard & Company") on his claim alleging tortious interference with employment, intentional infliction of emotional distress, and negligence in publishing his drug test results. He also appeals the dismissal of his claim for statutory penalties under 29 USC § 1132 (c) (1) because Heard & Company failed to give him timely notice of his rights under the Comprehensive Omnibus Budget Reconciliation Act ("COBRA"). We disagree and affirm.

Stanford was an employee of Heard & Company until his employment was terminated after he tested positive on a drug test. While employed, Stanford was covered by Heard & Company's group medical coverage. During Stanford's employment, Heard & Company and Aviation Constructors, Inc. ("ACI") formed a joint venture to build an aircraft fueling facility, and Heard & Company loaned Stanford to the joint venture to work on that facility. Heard & Company, however, continued to provide Stanford's pay and benefits, and the joint venture reimbursed Heard & Company.

Subsequently, as part of a plan for Stanford to become an employee of the joint venture on ACI's payroll, Stanford took a required drug test on which he tested positive. He was then terminated by ACI, but Heard & Company kept Stanford on its payroll until he was laid off for lack of work on February 6, 1995. Nevertheless, Heard & Company kept Stanford on its health plan at its own expense until July 1, 1995. In September 1995, the administrator of the health plan sent a letter to Stanford at his last known address advising him of his rights to continue his health care benefits at his own expense.

Subsequently, Stanford sued Heard & Company, ACI, as well as the entities that tested his blood, on various theories of recovery because of the termination of his employment. After the trial court granted Heard & Company's motion for summary judgment and motion to dismiss, Stanford filed this appeal.

1. (a) The standards applicable to motions for summary judgment generally are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). When reviewing the grant or denial of a motion for summary judgment, this court conducts a de novo review

of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

(b) Although Stanford asserts that the grant of summary judgment should be reversed because the trial court did not open and consider all the sealed depositions, we will not reverse a grant of summary judgment solely on this ground. *Taylor v. Schander*, 207 Ga. App. 627, 628 (2) (428 SE2d 806) (1993). Instead, we will examine the depositions and decide whether the evidence contained in them creates a material issue of fact. *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 527 (2) (484 SE2d 249) (1997). The authority Stanford relies upon for this argument was overruled by *Taylor v. Schander*, supra, 207 Ga. App. at 628.

Stanford has not specified any evidence in the depositions that shows there is a genuine issue of material fact, and "[i]t is not the function of this court to cull the record on behalf of a party." (Punctuation omitted.) *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (389 SE2d 251) (1989). "This court cannot read every line of the record and transcript to hunt for error." *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895) (1968). Accordingly, this enumeration of error is without merit.

(c) Stanford contends the trial court erred by granting summary judgment because genuine issues of material fact remain for trial. Pretermitting whether Stanford was an employee of Heard & Company or of the joint venture, he was an employee at will (OCGA § 34-7-1; *Anderberg v. Ga. Elec. Membership Corp.*, 175 Ga. App. 14, 15 (332 SE2d 326) (1985)), and his employment could be terminated for any reason or no reason at all. *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983). Accordingly, Stanford's claim for wrongful termination is without merit. *Bendix Corp. v. Flowers*, 174 Ga. App. 620 (330 SE2d 769) (1985).

Further, his claim that Heard & Company tortiously interfered with his employment is also without merit. As his employer, Heard & Company could not tortiously interfere with Stanford's employment. *Sullivan v. Horn*, 221 Ga. App. 289, 290 (470 SE2d 765) (1996). For the same reason, Heard & Company cannot be liable under Stanford's theory of conspiracy to effect his termination. See *West Va. Glass Specialty Co. v. Guice & Walshe, Inc.*, 170 Ga. App. 556, 558 (1) (317 SE2d 592) (1984). Therefore, the trial court did not err by granting summary judgment to Heard & Company under this theory of liability.

(d) Stanford's brief states that he incorporates by reference unspecified arguments he made in other appeals pending before this court. As we cannot ascertain to which arguments Stanford refers, we cannot consider these arguments even if we were to allow him to incorporate them by reference. Moreover, as these other appeals do

not concern Stanford's employer, the arguments in the other appeals do not appear relevant to this case.

2. The trial court did not err by dismissing Stanford's claim for penalties under COBRA. Stanford filed two Employee Retirement Income Security Act claims against Heard & Company. One claim was for damages to recover the medical expenses that would have been paid by the plan if Stanford had received proper notice of his rights and had elected to continue coverage under the plan. The parties agree that the trial court has jurisdiction over this claim, and it remains pending in the trial court.

Stanford's second claim for the statutory penalty of $100 per day under 29 USC § 1132 (c) (1), however, was dismissed by the trial court because 29 USC § 1132 (e) grants exclusive jurisdiction over such claims to the federal courts. Although state courts have concurrent jurisdiction with the federal courts to recover benefits owed "under the terms" of a benefit plan (29 USC § 1132 (a) (1) (B)), this jurisdiction is limited to claims for benefits "under the terms" of the plan. *Time Ins. Co. v. Roberts*, 191 Ga. App. 766, 767-768 (1) (382 SE2d 718) (1989). Accordingly, as Stanford's claim was for penalties under the law and not for benefits under a plan, the trial court correctly ruled that it had no jurisdiction over this claim. See *Gale v. Hayes Microcomputer Products*, 192 Ga. App. 30, 31-32 (3) (383 SE2d 590) (1989); *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 819 (2) (377 SE2d 901) (1989).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 1999.

*Temple, Strickland, Counts & Dinges, William A. Dinges, Ellen Gettinger, Roderick B. Bobo*, for appellant.

*Shapiro, Fussell, Wedge, Smotherman & Martin, Herman L. Fussell, Peter K. Kintz*, for appellee.