*810 OPINION OF THE COURT
Devin P. Cohen, J.
Defendant’s motion to dismiss pursuant to CPLR 3211 (a) (2) and (7) is granted in its entirety for the following reasons.
Plaintiff, Michelle Yates, commenced this action, pro se, by service of a summons and endorsed complaint dated October 28, 2011. In the complaint, plaintiff seeks to recover damages in the amount of $18,645 plus interest from February 11, 2011 for defendant’s “failure to return money.” Specifically, plaintiff contends (in her notice of claim) that she is owed $2,200 in accrued annual leave, which defendant failed to pay upon her termination. Plaintiff also seeks to recover $15,950 in penalties due to defendant’s alleged failure to properly provide plaintiff with notice of her rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) upon her termination. It is unclear from where plaintiff derives her claim for the additional $495 demanded in the complaint. Defendant now moves to dismiss pursuant to CPLR 3211 (a) (2) for lack of subject matter jurisdiction and CPLR 3211 (a) (7) for failure to state a cause of action.
On January 31, 2012 the parties appeared in court for argument on the defendant’s motion. After hearing oral argument, the court set a briefing schedule to permit the pro se plaintiff an opportunity to submit opposition and for defendant to submit reply. The court indicated that the matter would be deemed submitted upon the anticipated receipt of defendant’s reply on February 29, 2012. Plaintiff’s opposition papers were not received by the court until several weeks after the deadline for submission of both her opposition and defendant’s reply papers. However, defendant appears to have received plaintiffs opposition papers and submitted a timely reply without objection. Given that the plaintiff is pro se and that there appears to have been no prejudice to the defendant, the court accepted plaintiffs late filing. Accordingly, the matter was deemed submitted upon the court’s receipt of all papers and both parties’ full submissions have been considered in deciding this motion.
Plaintiff was employed by defendant, New York City Health and Hospitals Corporation, as an executive secretary from January 20, 2009 until her termination on February 11, 2011. On or around February 28, 2011, defendant claims to have mailed plaintiff information regarding her benefits, as well as instructions on how to receive payment for accrued “annual and/or *811 sick leave” (defendant’s mot to dismiss, exhibit A; see defendant’s mem of law at 4). Within this information, according to defendant, was a lump-sum payment form. Defendant contends that this form must be completed before an individual is able to receive his or her accrued leave. Plaintiff denies receiving these forms.
On or around July 1, 2011, defendant re-sent the lump-sum payment form to plaintiff. Plaintiff acknowledges receiving the form, but refused to sign until she was informed of the amount she would be receiving. Defendant contends that it is standard policy not to conduct an audit until the lump-sum paperwork is completed.
Plaintiff denies ever receiving any information regarding her benefits and seeks to recover penalties for defendant’s alleged failure to send her proper notice pursuant to COBRA.
CPLR 3211 (a) (7) provides that “[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that. . . the pleading fails to state a cause of action.” CPLR 3211 (a) (2) provides for dismissal where “the court has not jurisdiction of the subject matter of the cause of action.”
Plaintiffs Accrued Leave Claim
The parties appeared in court on January 31, 2012 for argument on this motion. On that date, in court, plaintiff accepted a check in the amount of $1,274.02 from the defendant in satisfaction of her accrued vacation leave claim. Accordingly, that claim is dismissed at this time as moot.
Plaintiffs COBRA Claim
Plaintiff seeks to recover $15,950 for defendant’s alleged failure to provide her with timely and proper notice of her COBRA rights. Defendant moves to dismiss for lack of subject matter jurisdiction on the ground that federal courts have exclusive jurisdiction over COBRA actions to enforce late-notice penalties.
Only a few published New York decisions discuss the jurisdictional question raised by this case. Further, there does not appear to be a published New York case on this issue as it relates to COBRA. Thus, the court looked to the relevant statutory provisions as well as authority from the federal courts and other state courts for guidance on this issue.
In 1974, Congress enacted the Employee Retirement Income Security Act (29 USC § 1001 et seq. [ERISA]) to protect working men and women from abuses in the administration and invest *812 ment of private retirement plans and employee welfare plans (see Donovan v Dillingham, 688 F2d 1367, 1370 [11th Cir 1982]; see also Shaw v Delta Air Lines, Inc., 463 US 85, 90 [1983] [“ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans”]). In 1986, Congress enacted COBRA, which, in relevant part, amended ERISA by providing for limited continuation coverage rights under employer-provided group health insurance plans (Swint v Protective Life Ins. Co., 779 F Supp 532, 552 [SD Ala 1991]). The COBRA provisions of ERISA are codified at 29 USC §§ 1161 through 1168.
With limited exceptions, federal courts have exclusive jurisdiction over civil actions arising under ERISA including the subsequent COBRA amendments (see 29 USC § 1132 [e]). 29 USC § 1132 (e) (1) provides:
“Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.”
State courts are subject to the jurisdictional requirements of 29 USC § 1132 (e) when deciding actions under the COBRA provisions of ERISA (see Thompson v Bridgeport Hosp., 2001 WL 823130, *11-12, 2001 Conn Super LEXIS 1755, *43-44 [June 22, 2001, No. CV98352686]).
29 USC § 1132 (c) (1)* provides for the imposition of penalties of up to $100 per day where an administrator fails to provide *813 notice to qualified beneficiaries of their rights under COBRA within 14 days (29 USC § 1166) or where an administrator fails to respond to a proper request for information within 30 days. Pursuant to 29 USC § 1132 (e), actions to recover late-notice penalties under 29 USC § 1132 (c) (1) are within the exclusive jurisdiction of the United States district courts (see Stanford v Paul W. Heard & Co., 240 Ga App 869, 870, 525 SE2d 419, 421-422 [1999] [29 USC § 1132 (e) grants federal courts exclusive jurisdiction over claims for statutory penalties under 29 USC § 1132 (c) (1)]).
29 USC § 1132 (e) does provide for limited exceptions to the exclusive jurisdiction of federal courts in subsections (a) (1) (B) and (7) (see Montner v Interfaith Med. Ctr., 157 Misc 2d 583, 591-592 [Civ Ct, Kings County 1993]). 29 USC § 1132 (e) authorizes concurrent jurisdiction of the state courts to enforce compliance with a qualified medical child support order under section 1132 (a) (7). 29 USC § 1132 (e) authorizes concurrent state court jurisdiction under section 1132 (a) (1) (B) in “civil action[s] . . . brought ... by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan” (29 USC § 1132 [a] [1] [B] [emphasis added]; see also Nichols v Xerox Corp., 34 AD3d 1200 [4th Dept 2006]). The phrase “under the terms of the plan” has been given a restrictive interpretation (see Thompson, 2001 WL 823130, *12, 2001 Conn Super LEXIS 1755, *44-45). Concurrent jurisdiction is authorized under 29 USC § 1132 (a) (1) (B) when the participant or beneficiary asks the court to construe or apply the terms of the plan to the facts of his or her particular issue (Young v Sheet Metal Workers’ Intl. Assn. Prod. Workers Welfare Fund [N.Y.], 112 Misc 2d 692, 701 [Sup Ct, Nassau County 1981]; see Dinnigan v ABC Corp., 35 Misc 3d 1216[A], 2012 NY Slip Op 50717[U] [Sup Ct, Suffolk County 2012]; Brown v Group Health Inc., 17 Misc 3d 1113[A], 2007 NY Slip Op 51948[U] [Sup Ct, NY County 2007]). Therefore, a state court only has concurrent jurisdiction when *814 it is asked to interpret the terms of the participant’s or beneficiary’s particular plan.
In this action, plaintiff is asking the court to impose statutory penalties pursuant to 29 USC § 1132 (c) (1) for an alleged violation of the COBRA notification requirements of 29 USC § 1166. Plaintiff does not seek the continuation of her benefits under COBRA, nor does she contend she suffered specific consequential damages due to defendant’s alleged failure to provide proper notice of her COBRA rights. Therefore, plaintiffs claim revolves solely around the enforcement of a statutory penalty and not the examination of the terms of a plan. Since the COBRA amendments to ERISA are subject to the general jurisdictional requirements of ERISA, the court is constrained by 29 USC § 1132 (e). Accordingly, plaintiff’s suit must be brought in federal court (see Stanford, 240 Ga App 869, 870, 525 SE2d 419, 421-422 [1999]; Johnson v Colonial Life & Acc. Ins. Co., 173 NC App 365, 374, 618 SE2d 867, 873 [2005] [“It is clear that except for subsections (a)(1)(B) and (a)(1)(7) (sic) the district courts of the United States have exclusive jurisdiction over civil actions brought under this section. Therefore the trial court lacked subject matter jurisdiction over the COBRA (late-notice penalties) claim” (internal quotation marks, citation and emphasis omitted)]; Vulcan v United of Omaha Life Ins. Co., 715 A2d 1169, 1178 [Pa Super Ct 1998]; Duncan v Junior Achievement, Inc., 1997 WL 371204, *4, 1997 Conn Super LEXIS 1724, *9-11 [June 26, 1997, No. CV960335878S]; Thompson, 2001 WL 823130, *12, 2001 Conn Super LEXIS 1755, *44-45).
For the foregoing reasons, plaintiffs claim for accrued leave is dismissed as moot as she accepted $1,274.02 in court on January 31, 2012 in satisfaction of that claim. Defendant’s motion to dismiss pursuant to CPLR 3211 (a) (2) is granted in its entirety, and the matter is dismissed for lack of subject matter jurisdiction. This decision is not intended to preclude plaintiff from pursuing her remaining claims in the proper venue.

 “Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title or section 1021(f), or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court’s discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from *813 the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation” (29 USC § 1132 [c] [1]).