A89A0616. TIME INSURANCE COMPANY, INC. v. ROBERTS et al.
A89A0617. W. M. SHEPPARD LUMBER COMPANY, INC. et al. v. ROBERTS.
(382 SE2d 718)

SOGNIER, Judge.
Emory D. Roberts filed suit against W. M. Sheppard Lumber Company, Inc. and its president, W. M. Sheppard (hereinafter collec-

tively referred to as "Sheppard"), to recover damages he allegedly incurred when Sheppard allowed a group health insurance policy to lapse. Sheppard filed a third-party complaint against Time Insurance Company, Inc., its health insurance carrier. We granted Time's application for interlocutory appeal from the denial of its motion for summary judgment in Case No. A89A0616 and Sheppard's application for appeal from the grant of Roberts' motion in limine and motion for protective order in Case No. A89A0617.

The record reveals that Roberts was employed by Sheppard, and that he and his family were covered by the group health insurance policy Sheppard provided to its full time employees. Time cancelled the policy in May 1986 for nonpayment of the April and May premiums, and Sheppard unsuccessfully sought reinstatement. Sheppard continued to deduct Roberts' portion of the premium from his paycheck for several months after the policy was cancelled. After Roberts' claims for reimbursement of medical expenses incurred in September 1986 were not paid, he filed suit, alleging breach of fiduciary duty and fraud and seeking damages for past and future medical expenses. Sheppard then asserted its third-party claim against Time for indemnification.

1. In Case No. A89A0616 Time contends the trial court erroneously rejected its motion for summary judgment, arguing that Roberts' complaint is wholly preempted by the Employee Retirement Income Security Act (ERISA), 29 USC § 1001 et seq., and thus Sheppard's indemnification claim against Time presents no material factual dispute.

"With the exception of four narrow exclusions not relevant to this action, Congress has mandated that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.' [Cits.] 'The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law,' [cit.], and any state law having 'a connection with or a reference to' an employee benefit plan covered by ERISA is preempted. [Cit.] Federal district courts have exclusive jurisdiction over all ERISA claims except those brought by a plan participant or beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' [Cits.]" *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 819 (2) (a) (377 SE2d 901) (1989).

In the case at bar it is contended that there is no ERISA preemption because the health insurance policy at issue was not covered by ERISA, and that no relief is sought under any provision of ERISA. We do not agree. ERISA applies, inter alia, to any "employee welfare benefit plan," which is defined as "any plan, fund, or program which

was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits . . . ." 29 USC § 1002 (1). There is no dispute that the insurance coverage at issue was procured by Sheppard, the employer, for the purpose of providing the participants and beneficiaries (i.e., the full time employees and their families) with medical, surgical, and hospital benefits. This coverage constitutes a "plan, fund, or program" "established or maintained by" Sheppard, and thus is covered by ERISA if "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. . . . [T]he purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established." (Footnote omitted.) *Donovan v. Dillingham*, 688 F2d 1367, 1373 (11th Cir. 1982). The health care coverage at issue was provided by Sheppard for its full time employees and their dependents through the purchase of a group health insurance policy, and Sheppard paid the premiums to Time and processed the claims. The scope of benefits could be determined by referring to the policy handbook distributed to the employees. Thus, as the benefits, beneficiaries, and procedures were clearly identifiable, the insurance constituted a program maintained by Sheppard, and was an employee welfare benefit plan covered by ERISA. See *Donovan*, supra at 1372-1375; see also *Belasco v. W. K. P. Wilson & Sons*, 833 F2d 277, 279-281 (II) (11th Cir. 1987).

There also can be no dispute that Roberts' complaint "relates to" an employee benefit plan, as he seeks damages for his employer's alleged breach of its fiduciary duty to pay the premium and keep the insurance policy in effect. Although Roberts contends his complaint was drafted to assert state common law claims rather than a cause of action under ERISA, given Congress' intent to occupy the field completely, we must construe Roberts' complaint, which alleges various wrongful acts by Sheppard, the plan fiduciary, as falling within the scope of § 502 (a) of ERISA, 29 USC § 1132 (a), and thus preempted by ERISA. See *Pilot Life Ins. Co. v. Dedeaux*, 481 U. S. 41 (107 SC 1549, 95 LE2d 39) (1987). Moreover, given that Roberts' claim seeks damages for Sheppard's alleged breach of fiduciary duty and failure to pay the insurance premiums when due, his complaint does not fall within the scope of 29 USC § 1132 (a) (1) (B) so as to provide state courts with concurrent jurisdiction. See *Local 2134, UMW v. Powhatan Fuel*, 640 FSupp. 731 (ND Ala. 1986), rev'd in part on other grounds, 828 F2d 710 (11th Cir. 1987); *Porter*, supra at 820-821 (2 (b)). Thus, the trial court had no subject matter jurisdiction over the

original cause of action, and accordingly there is no basis for secondary liability of Time to Sheppard for Roberts' claims. However, as a motion for summary judgment cannot be granted in such circumstances, we reverse and remand with direction to dismiss the third-party complaint. See *Porter*, supra at 821 (2 (b)).

2. Our decision in Division 1 renders moot Time's remaining enumerations of error.

3. Because we have determined that the trial court did not have subject matter jurisdiction over Roberts' claim against Sheppard, we dismiss Sheppard's appeal in Case No. A89A0617 from the grant of Roberts' motion in limine and motion for protective order as improvidently granted.

*Judgment reversed with direction in Case No. A89A0616; appeal dismissed in Case No. A89A0617. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 24, 1989 —
REHEARING DENIED JUNE 2, 1989 — 

Brennan, Harris & Rominger, Richard A. Rominger, G. Mason White, for Time Insurance.

Allen, Brown, Bruce & Dasher, Charles H. Brown, Edenfield, Stone & Cox, Susan W. Cox, for Roberts.

Oliver, Maner & Gray, I. Gregory Hodges, William T. Moore, Jr., Wendy W. Williamson, for Sheppard.