A93A1808. NORTON v. NORTH GEORGIA FOODS, INC. et al.
A93A1809. CHYNOWETH v. NORTH GEORGIA FOODS, INC. et al.
(440 SE2d 263)

ANDREWS, Judge.

As employees of North Georgia Foods, Inc. (NGF), Norton and Chynoweth and family members were covered by a group medical insurance policy issued by National Employee & Operators Association (NEOA) to NGF, and administered by Administrative Systems of Tennessee, Inc. (ASTI). After the insurer failed to pay covered medical expenses, apparently because it was financially unable, appellants filed similar complaints naming as defendants: NGF; trustees of NEOA; Hall (president of NEOA during the subject events); Lauver (organizer and promotor of NEOA and ASTI), and three defendants

named as the licensed insurance agents or agencies through which the NEOA policy was procured for NGF: Norton d/b/a Norton Agency, Phillips, and W. H. Phillips & Associates, Inc. (insurance agents).[1]

The complaints sought recovery of damages against the defendants for fraud and negligence for failure to pay the benefits, alleging that the trustees of NEOA breached fiduciary duties; that the insurance agents knew or should have known that NEOA was not a properly licensed or legitimate company, and that the agents received exorbitant commissions, and knew or should have known that the NEOA policy was not financially sound; that Lauver organized and promoted NEOA and ASTI for the purpose of selling policies he knew were financially unsound, and improperly took funds from NEOA and ASTI for personal use; and that as president of NEOA, Hall assisted and participated in the alleged fraudulent conduct.

NGF filed a motion to dismiss both complaints, claiming the trial court lacked subject matter jurisdiction because the state actions were preempted by federal law under the Employee Retirement Income Security Act (ERISA), 29 USC § 1001 et seq. The trial court concluded that both complaints were wholly superseded by ERISA, and dismissed all the defendants for lack of subject matter jurisdiction. OCGA § 9-11-12 (b) (1); (h) (3). Norton and Chynoweth appeal claiming the trial court erroneously concluded the actions were preempted by ERISA.

"With the exception of four narrow exclusions not relevant to this action, Congress has mandated that ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan [. . .]' 29 USC § 1144 (a); *Whitaker v. Texaco, Inc.*, 566 FSupp. 745, 748 (N.D. Ga. 1983). 'The term "State law" includes all laws, decisions, rules, regulations, or other State action having the effect of law,' 29 USC § 1144 (c) (1), and any state law having 'a connection with or a reference to' an employee benefit plan covered by ERISA is preempted. *Shaw v. Delta Air Lines*, 463 U. S. 85, 97 (103 SC 2890, 77 LE2d 490) (1983). Federal district courts have exclusive jurisdiction over all ERISA claims except those brought by a plan participant or beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' 29 USC § 1132 (a) (1) (B); see 29 USC § 1132 (e) (1)." *Porter v. Buckeye Cellulose Corp.*, 189 Ga. App. 818, 819 (377 SE2d 901) (1989).

We have no difficulty concluding that the present health insurance policy was an ERISA governed plan. *Time Ins. Co. v. Roberts*,

---

[1] Norton also sued a reinsurer of the NEOA policy for recovery of reinsurance benefits, but the claim against this defendant was later dismissed by Norton.

191 Ga. App. 766, 767-768 (382 SE2d 718) (1989). Despite appellants' contentions that the complaints were intended to assert state common law claims, the trial court correctly concluded that the state actions at issue "relate to" the covered plan, and are preempted by ERISA. Id. at 768.

In determining whether a state action relates to an ERISA covered plan, the "relate to" language of § 1144 (a) has been broadly interpreted by the United States Supreme Court to effectuate the intent of Congress that regulation of employee benefit plans be exclusively a federal concern. *Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133, 137-138 (111 SC 478, 112 LE2d 474) (1990). The present state actions are not based on state laws only tenuously related to the benefit plan, which are beyond the preemptive reach of ERISA. See, e.g., *Mackey v. Lanier Collections Agency &c.*, 486 U. S. 825 (108 SC 2182, 100 LE2d 836) (1988) (ERISA did not preempt state's general garnishment statute even though applied to collect judgments against plan participants); *Sommers Drug Stores Co. &c. Trust v. Corrigan Enterprises*, 793 F2d 1456, 1465-1470 (5th Cir. 1986) (corporate officer's fiduciary duties to shareholders not preempted by ERISA merely because employee benefit plan was shareholder). However, the state law need not be directly addressed to the pension plan to be preempted. "[A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand*, supra at 139. Where "the existence of a pension plan is a critical factor in establishing liability under the [applicable state law] . . . [the] cause of action relates not merely to pensions benefits, but to the essence of the pension plan itself." Id. at 139-140. Accordingly, state law claims have been preempted by ERISA which sought damages arising from denial of plan benefits on the basis of fraud, intentional infliction of emotional distress, breach of covenant of good faith and fair dealing, tortious interference with contract, and unfair trade practices. See *Howard v. Parisian, Inc.*, 807 F2d 1560, 1564 (11th. Cir. 1987). Applying these principles, we conclude the state law claims in this case "relate to" the plan at issue, and are preempted by ERISA.

Our conclusion with respect to preemption is not changed by appellants' contention that at least some of the named defendants are not fiduciaries within the meaning of ERISA. See 29 USC §§ 1102 (a); 1002 (21) (A). Since ERISA does not provide for the imposition of money damages against a non-fiduciary defendant alleged to have knowingly participated in a breach committed by an ERISA fiduciary, preemption of the state actions may preclude the collection of monetary damages from these defendants. *Mertens v. Hewitt Assoc.*, \_\_\_\_ U. S. \_\_\_\_ (113 SC 2063, 124 LE2d 161) (1993). Nevertheless, assuming (without deciding) that defendants such as the insurance agents

in this case were non-fiduciary advisors, insofar as the claims against them relate to the ERISA covered plan, they are still preempted.[2] *Howard*, supra at 1564-1565; see *Belasco v. W. K. P. Wilson & Sons*, 833 F2d 277, 281 (11th Cir. 1987).

The trial court properly dismissed the actions against all defendants for lack of subject matter jurisdiction. *Time Ins. Co.*, supra.

*Judgments affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 19, 1994.

*Wesley Williams*, for appellants.

*Rubin Law Offices, Robert P. Hoyt, Robert K. Ballew, Kinney & Kemp, Matthew D. Thames*, for appellees.

---

[2] We note that this case does not deal with state laws regulating the business of insurance, which are excepted from ERISA exemption under 29 USC § 1144 (b) (2) (A). The insurance exception is not applicable to state actions under general tort law claims which may merely affect insurance in some way. *Anschultz v. Connecticut Gen. Life Ins. Co.*, 850 F2d 1467, 1468-1469 (11th Cir. 1988); *Pilot Life Ins. Co. v. Dedeaux*, 481 U. S. 41 (107 SC 1549, 95 LE2d 39) (1987).