A94A2199, A94A2200. WILLIS v. ARATEX SERVICES, INC.; and vice versa.
(455 SE2d 415)

POPE, Presiding Judge.
Plaintiff Michael Willis was recruited for the position of General

Manager Trainee by one of defendant Aratex Services, Inc.'s (Aratex) area presidents, Karl Fillip. Plaintiff was presented with an "offer of employment" (the Offer) dated March 26, 1990. The Offer consisted of a form letter that specifically set forth detailed information regarding various insurance benefits, including ARA Travel Insurance (Travel Insurance), and other benefits available to employees of Aratex. On April 1, 1990, plaintiff signed and accepted the Offer.

Plaintiff started work with Aratex on April 30, 1990, at which time he had an orientation session with Aratex's Human Resource Manager, Ginny Paterni. During this session plaintiff received a document entitled "Benefits Handbook." Like the Offer, this document listed various benefits available to Aratex employees, including the Travel Insurance policy. Plaintiff also signed an "Employment Agreement" (the Agreement) at this time. Aratex contends that the Agreement, which does not mention the above benefits, superseded the Offer. On August 12, 1990, while traveling on an airplane, plaintiff contends he was injured, and as a result has become permanently disabled. Plaintiff made a claim for permanent disability benefits under the Travel Insurance policy. His claim was denied. Subsequently he learned, and Aratex has admitted, that the Travel Insurance policy had been cancelled by Aratex prior to the date the Offer was made to plaintiff. Both Fillip and Paterni deposed that they were not aware of this fact at the time the Offer was extended to plaintiff.

On April 29, 1993, plaintiff filed suit against Aratex for breach of contract and for fraud. On September 22, 1993, Aratex moved for summary judgment contending that plaintiff's claims were preempted by ERISA; that plaintiff was not entitled to recovery because the Agreement superseded the Offer; and that plaintiff would not have been entitled to recovery under the Travel Insurance policy even if the policy had been in effect. On February 1, 1994, plaintiff dismissed his fraud allegation, and moved for summary judgment as to each of the matters set forth in Aratex's motion for summary judgment. By order dated May 4, 1994, the trial court denied plaintiff's motion for summary judgment and granted summary judgment to Aratex based on its contention that ERISA preempted plaintiff's breach of contract claim. However, in its order, the trial court specifically rejected the other arguments asserted by Aratex. Plaintiff's appeal of the trial court's denial of his motion and the trial court's grant of Aratex's motion was docketed in this court as Case No. A94A2199. Aratex's cross-appeal as to that portion of the trial court's order rejecting Aratex's alternative summary judgment arguments was docketed in this court as Case No. A94A2200.

*Case No. A94A2199*

1. Plaintiff contends that the trial court erred in holding that plaintiff's state law claim for breach of contract was preempted by ERISA. We disagree and affirm. " 'With the exception of four narrow exclusions not relevant to this action, Congress has mandated that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan (. . .)" 29 USC § 1144 (a); *Whitaker v. Texaco, Inc.*, 566 FSupp. 745, 748 (N.D. Ga. 1983). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law," 29 USC § 1144 (c) (1), and any state law having "a connection with or a reference to" an employee benefit plan covered by ERISA is preempted. *Shaw v. Delta Airlines*, 463 U. S. 85, 97 (103 SC 2890, 77 LE2d 490) (1983).' " *Norton v. North Ga. Foods*, 211 Ga. App. 684, 685 (440 SE2d 263) (1994).

In this case, plaintiff contends that cancellation of the Travel Insurance policy prior to the time he started work negates the very existence of an ERISA covered benefit plan. Consequently, plaintiff asserts that his breach of contract claim cannot be said to relate to such a plan. This contention fails to take into account the distinction between the existence of a benefit under an ERISA covered plan, and the existence of the plan itself. "ERISA applies, inter alia, to any 'employee welfare benefit plan,' which is defined as 'any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits[, or benefits in the event of sickness, accident, or disability].' 29 USC 1002 (1)." *Time Ins. Co. v. Roberts*, 191 Ga. App. 766, 767-768 (1) (382 SE2d 718) (1989). "[A] plan, fund, or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." (Citation and punctuation omitted.) *Williams v. Wright*, 927 F2d 1540, 1543 (11th Cir. 1991). Applying the above criteria to the case at bar, it is clear from a review of the Offer and Benefits Handbook that Aratex did in fact have an ERISA covered benefit plan in place at the time plaintiff started work. It also is clear that the Travel Insurance was listed as an intended benefit under said plan.

In determining whether plaintiff's breach of contract claim relates to Aratex's ERISA benefit plan, we note that the "relate to" language of 29 USC § 1144 (a) has been broadly interpreted by the United States Supreme Court. See *Ingersoll-Rand Co. v. McClendon*,

498 U. S. 133, 138 (111 SC 478, 112 LE2d 474) (1990); see *Nat. Treasury Employees Union v. Macon-Bibb County Hosp. Auth.*, 213 Ga. App. 724-725 (1) (445 SE2d 777) (1994). "[A] state law cause of action 'relates to' an employee benefit plan if the employer's conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan." (Citation omitted.) *Farlow v. Union Central Life Ins. Co.*, 874 F2d 791, 794 (11th Cir. 1989). In the case at bar, plaintiff's claim arises out of Aratex's failure to provide plaintiff with insurance benefits promised to him as part of a comprehensive benefit plan maintained by Aratex. Therefore, the conduct giving rise to plaintiff's breach of contract action is not merely tenuously related to or wholly remote in content from the benefit plan. Moreover, the calculation of damages for the breach plaintiff asserts here further demonstrates the relationship between his claim and Aratex's benefit plan. See *Sanson v. Gen. Motors Corp.*, 966 F2d 618, 621 (11th Cir. 1992). Accordingly, plaintiff's claim is not beyond the preemptive reach of ERISA.

*Case No. A94A2200*

2. In light of our holding in Division 1 of this opinion, we need not consider the matters set forth in Aratex's cross-appeal.

*Judgments affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 17, 1995.

*Zipperer & Lorberbaum, Ralph R. Lorberbaum, Janet S. Foerster,* for appellant.

*Jones, Day, Reavis & Pogue, W. Lyman Dillon, David M. Monde, Painter, Ratterree & Bart, R. Clay Ratterree,* for appellee.