## A00A0128. STEPHENS v. HARBOR CLUB, INC.
### (535 SE2d 256)

ANDREWS, Presiding Judge.

Glenda Stephens appeals from the trial court's dismissal of her complaint against Harbor Club, Inc. for lack of subject matter jurisdiction. Because Stephens's claims for damages arising from Harbor Club's alleged fraud in preventing her from filing a workers' compensation claim do not relate to any Employment Retirement Income Security Act (ERISA) governed benefit plan, the trial court erred in concluding that it did not have subject matter jurisdiction over the complaint.

This case arose when Stephens, who worked as a waitress for Harbor Club, ruptured a disc in her neck while lifting a tray of dishes. After the injury, Stephens's supervisor told her that this "would not be a worker's compensation claim and would not be reported to worker's compensation by Harbor Club" and would instead be handled by medical insurance.

Stephens's injury occurred on June 27, 1997. On September 29, 1997, while she was still undergoing treatment, Harbor Club cancelled her medical insurance benefits.

Stephens then hired a lawyer who successfully asserted a workers' compensation claim on her behalf, and benefits were paid retroactive to June 27, 1997. In addition, Harbor Club reinstated Stephens's medical insurance on January 26, 1998, retroactive to October 1, but failed to refund a Comprehensive Omnibus Budget Reconciliation Act payment of $118.43.

Stephens sued Harbor Club, alleging fraud and misrepresentation, intentional infliction of emotional distress, conversion, tortious interference with contractual rights, and breach of an implied covenant of good faith and fair dealing. Harbor Club filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Harbor Club argued that the claims related to an employee benefit plan under ERISA and, therefore, under 29 USC § 1132 (e) (1), were within the exclusive jurisdiction of the federal courts.

The trial court granted the motion to dismiss, finding that it did not have subject matter jurisdiction over Stephens's complaint.

Stephens contends on appeal that her claims for fraud and misrepresentation relate only to Harbor Club's attempt to keep her from filing a claim for workers' compensations benefits, not to any employee benefit plan governed by ERISA. We agree.

With the exception of four narrow exclusions not relevant in this case, Congress has mandated that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ." 29 USC § 1144 (a); *Whitaker v. Texaco, Inc.*, 566 FSupp. 745, 748 (N.D. Ga. 1983).

In determining whether a state action relates to an ERISA covered plan, the "relate to" language of § 1144 (a) has been broadly interpreted by the United States Supreme Court to effectuate the intent of Congress that regulation of employee benefit plans be exclusively a federal concern.

*Norton v. North Ga. Foods*, 211 Ga. App. 684, 686 (440 SE2d 263) (1994), citing *Ingersoll-Rand Co. v. McClendon*, 498 U. S. 133, 137-138 (111 SC 478, 112 LE2d 474) (1990).

In this case, Stephens's claims for fraud and misrepresentation arise from Harbor Club's alleged statements to Stephens that she could not file a workers' compensation claim without their approval. These claims do not relate to any ERISA benefits program and do not involve the regulation of any ERISA-covered employee benefit plan.

*Willis v. Aratex Svcs.*, 216 Ga. App. 729 (455 SE2d 415) (1995), and *Norton*, supra, relied on by Harbor Club, are not on point. In *Norton*, employees sued after the insurer failed to pay covered medical expenses. Id. at 684. In that instance, this Court properly determined that the state law claims were preempted by ERISA because they "related to" the covered plan.

In *Willis*, the plaintiff's claim arose out of Aratex's failure to provide plaintiff with insurance benefits promised to him as part of a comprehensive benefit plan maintained by Aratex. Id. at 730. Thus, both *Norton* and *Willis* were cases based on failure to pay benefits under an ERISA-governed plan. Stephens's claim for fraud is based on Harbor Club's misrepresentations concerning her eligibility for workers' compensation benefits, which are not governed by ERISA.

In *Forbus v. Sears Roebuck & Co.*, 30 F3d 1402 (1994), which is more nearly on point, plaintiffs alleged that they were fraudulently induced to "retire" and accept an employee benefit package. Plaintiffs claimed that although they were told their jobs were being eliminated, the jobs were actually later filled by younger employees. Id. at 1403. The employer moved for summary judgment on the employees' state law causes of action for fraud and breach of contract, claiming they were preempted by ERISA because they related to the employees' pension benefit package. In reversing the District Court, the Eleventh Circuit held that the plaintiffs' claims centered on Sears' alleged fraud concerning the elimination of their jobs, not fraud concerning any ERISA-covered benefits package. Id. at 1406. Similarly, in this case, Stephens's claim for fraud centers on misrepresentations concerning her eligibility for workers' compensation benefits, not any ERISA-covered benefits.[1]

---

[1] Although not argued below, Stephens also points out that her claim is not barred by the exclusive remedy provision of the Workers' Compensation Act. This is true because the

Accordingly, the fraud and misrepresentation counts of the complaint are not preempted by the ERISA provisions nor are the other counts to the extent they allege damages as a result of the claimed fraud.[2]

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 25, 2000 —
RECONSIDERATION DENIED JUNE 9, 2000

*David G. Kopp,* for appellant.
*Blasingame, Burch, Garrard, Bryant & Ashley, M. Steven Heath, Josh B. Wages,* for appellee.

---

alleged torts did not arise out of or in the course of her employment, but rather from the intentional misconduct of the employer after the physical injuries which gave rise to the workers' compensation claim. See *Potts v. UAP-GA. AG. CHEM.,* 270 Ga. 14, 16-17 (506 SE2d 101) (1998).

[2] Stephens does not argue any error in the trial court's dismissal of her complaint for conversion.