**Edward M. CALLAWAY and Wife Rebecca Callaway, Plaintiffs,**

v.

**G.S.P., INC. and Ted Grantham, A. Louis Servos, and Peter Papadakis, Individually, William DeForest and Alastair Livingstone, Defendants.**

**Civ. A. No. G–91–380.**

United States District Court,
S.D. Texas,
Galveston Division.

July 1, 1992.

Joseph Hunter, Alvin, Tex., for Edward M. and Rebecca Callaway.

Michael L. Durham; Timothy R. Ploch, Bro & Ploch; James P. Keenan, Bracewell & Patterson; Sue V. Speck, Nathan, Wood & Sommers, and Calvin & Dylewski; and B.J. Walter, Jr., Nathan, Wood & Sommers, and Brewer & Pritchard, Houston, Tex., for G.S.P., Inc., Ted Grantham, A. Louis Servos, Peter Papadakis, William DeForest and Alastair Livingstone.

## ORDER

KENT, District Judge.

This matter is before the Court on various Motions for Summary Judgment filed by the Defendants. Plaintiff Edward Callaway alleges that his employer, G.S.P., Inc., provided him with medical and life

insurance, but that this insurance coverage was terminated on November 30, 1989 without his knowledge. The Plaintiffs allege that they did not discover the insurance cancellation until about January 29, 1990, and that Edward Callaway was without insurance when he was diagnosed as having cancer on March 20, 1990. The Plaintiffs filed suit in state court, asserting claims for breach of employment contract, fraud, and violations of the Texas Deceptive Trade Practices Act.

Plaintiffs' Original Petition was filed in state court on May 11, 1990. Over a year later, on October 3, 1991, the Plaintiffs filed an Amended Petition naming two new Defendants, DeForest and Livingstone. These new Defendants removed the case under the impression that this Court has federal question jurisdiction pursuant to the preemptive powers of the Employee Retirement Income Security Act (ERISA). All Defendants named in the Original Petition joined in the removal.

■ As an initial observation, the Plaintiffs could have moved to remand this case. Removal requires the consent of *all* Defendants. Because the originally-named Defendants in this action did not remove the action within thirty days from the date the Original Petition was filed in state court, they waived their right to do so. Therefore, it was impossible for them to consent to the Notice of Removal filed by Defendants DeForest and Livingstone, and the removal was procedurally defective. Even so, 28 U.S.C. § 1447(c) requires that a motion to remand on the basis of any defect in removal procedure be filed within 30 days after the Notice of Removal is filed. Because the Plaintiffs failed to acknowledge the defective removal, and consequently failed to move for remand within the 30 day limit, this Court can retain jurisdiction despite the procedurally defective removal. *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1543 (5th Cir.1991).

■ Although there is a time limit for moving to remand a case because the removal was procedurally defective, there is no such time limit when a district court lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c). While the parties can waive a lack of removal jurisdiction, they cannot waive a lack of subject matter jurisdiction. *See Baris,* 932 F.2d at 1543–44.

Because the Plaintiffs did not move to remand this case, this is the Court's first opportunity to review the merits of the Defendants' efforts to remove this case based on ERISA. After reviewing the pleadings on file, the Court is convinced that it lacks subject matter jurisdiction over this dispute. Although this case is well past the preliminary stages, and the parties have obviously put forth substantial effort in briefing certain issues, the Court has no choice but to remand it pursuant to 28 U.S.C. § 1447(c).

■ ERISA applies to employee benefit plans that are established or maintained by an employer engaged in commerce. 29 U.S.C. § 1003(a). ERISA permits civil actions to be brought by participants in or beneficiaries of a plan in order to recover plan benefits. 29 U.S.C. § 1132(a)(1)(B). When a plaintiff files a claim under state law, and the state law relates to an ERISA plan, ERISA preempts that state law claim. 29 U.S.C. § 1144(a). The Supreme Court has construed ERISA preemption broadly, and has held that ERISA preempts any state law that "has a connection with or reference to" an ERISA plan. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

■ The plan established by G.S.P., which was ultimately terminated, was one that was apparently within the folds of ERISA. Furthermore, the state law causes of action relied on by the Plaintiffs have been found to be preempted in previous cases. *See Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir.1989) (breach of contract); *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755 (5th Cir.1990) (fraud and negligent misrepresentation). However, the Court finds controlling the fact that the insurance plan was terminated while Edward Callaway was still an em-

ployee, and that his claims arose *after* the plan was canceled.

Although G.S.P. had "established" a plan, that plan was canceled in its entirety. Edward Callaway, therefore, was not a "participant" or "beneficiary" of a plan when the Plaintiffs filed their state court claims. The Plaintiffs are not seeking to recover benefits provided by the plan because there is no plan. While some of the damages requested by the Plaintiffs certainly parallel the benefits they would have received from the insurance plan had it remained in existence, this is not enough to compel ERISA preemption.

As justification for concluding that ERISA preemption does not apply in certain situations, some circuit courts have focused on the fact that the plaintiff was not a "participant" in a plan, and that, consequently, there was no ERISA plan which would be affected in the event the plaintiff were to recover. *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir.1988); *Freeman v. Jacques Orthopaedic & Joint Implant Surg.*, 721 F.2d 654, 655–56 (9th Cir.1983). *See also Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120–21 (4th Cir.1989) (holding that ERISA preemption does not apply where the plan itself would not be liable, even though a successful plaintiff's damages would be measured in part by the lost pension benefits the plaintiff would have received had he been a participant in the plan).

In *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1505–06 (9th Cir.1985), the Ninth Circuit held that ERISA did not preempt state law claims where the defendant was alleged to have engaged in conduct which prevented the existence of an employee benefit plan. The state law claims did not "raise any issues concerning the matters regulated by ERISA, namely, the administration, reporting, disclosure, funding, vesting, and enforcement of benefit plans." *Id.* at 1505. Again, this result was compelled by the fact that the plaintiff was not a participant in or beneficiary of a plan governed by ERISA. *Id.*

The Fifth Circuit has recently expressed its disapproval of the result in *Scott*. In *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755 (5th Cir.1990), the plaintiffs filed state law claims against their former employer, seeking to recover plan benefits to which they would have been entitled but for their employer's misrepresentations. Before retiring, the plaintiffs asked whether the employer intended to adopt an early retirement plan which would increase benefits under the existing plan for early retirees. *Id.* at 756. After receiving assurances that no such plan was in the works, the plaintiffs retired, only to find out later that the additional benefits were ultimately adopted by their former employer, and that they would have been eligible for those benefits had they not retired in reliance on their employer's representations. *Id.* The Fifth Circuit held that the plaintiffs' state law fraud and negligent misrepresentation claims were preempted by ERISA, and in light of the Supreme Court decisions in *Pilot Life* and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), placed doubt on "the continuing validity of *Scott.*" *Lee*, 894 F.2d at 757.

In reaching its decision, the *Lee* court relied on two other Fifth Circuit cases, *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290 (5th Cir.1989) and *Degan v. Ford Motor Co.*, 869 F.2d 889 (5th Cir.1989). All three cases involved plaintiffs who were attempting to recover "benefits to which they would have become entitled but for a misrepresentation by their employer, during their employment, on which they relied to their detriment." *Lee*, 894 F.2d at 757. The plaintiffs in all three cases were participants in existing plans governed by ERISA, and were attempting to recover benefits which were not included in their respective plans, but which they believed they were entitled to based on their employers' representations.

In the instant case, however, Edward Callaway is not seeking additional benefits that he was led to believe were included in his employer's existing plan. There simply is no plan. The Plaintiffs' claims do not "raise any issues concerning the matters regulated by ERISA, namely, the adminis-

tration, reporting, disclosure, funding, vesting, and enforcement of benefit plans." *Scott,* 754 F.2d at 1505. Despite the Fifth Circuit's willingness to apply ERISA preemption in cases like *Lee, Cefalu,* and *Degan,* where an existing ERISA plan is involved, this Court does not believe that the Fifth Circuit will extend ERISA's reach to cases like the present one where the plan has been canceled and there is no fund, no benefits, and no participants.

Because there is no plan, the Plaintiffs' state law claims will not interfere with the exclusively federal regulatory scheme found in ERISA. A plan must exist for this Court to exercise jurisdiction under ERISA. *Taggart Corp. v. Life & Health Benefits Admin.,* 617 F.2d 1208, 1211–12 (5th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981); *Jervis v. Elerding,* 504 F.Supp. 606, 608 (C.D.Cal.1980). There being no plan, there can be no ERISA preemption, and consequently, no subject matter jurisdiction. Therefore, this case must be remanded to state court. 28 U.S.C. § 1447(c). This ruling does no violence to the purpose of ERISA preemption, namely the establishment of a "uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits." *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 9, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1 (1987).

For the foregoing reasons, this case is HEREBY REMANDED to the 149th Judicial District Court in Brazoria County, Texas.

IT IS SO ORDERED.