**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-21102**
**Summary Calendar**
_____

**CONNIE WOODS,**

**Plaintiff-Appellant,**

**versus**

**CARTER & COOLEY, A TEXAS CORPORATION; NEIL M. SACKHEIM;**
**G. RANDLE PACE,**

**Defendants,**
**and**

**REPUBLIC BANKERS LIFE INSURANCE COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(CA-H-95-3245)**

_____

June 20, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Connie Woods contends that the district court erred in granting summary judgment to Republic Bankers Life Insurance Co. We **VACATE and REMAND.**

I.

---

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Woods filed this action in state court in May 1995 against Republic, her employer Carter & Cooley, and its managers Sackheim and Pace for breach of contract, fraud, negligence, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act. She alleged that, when she began work at Carter & Cooley, it insisted she have a catastrophic major medical coverage policy for which it would pay half of the premium and deduct the other half from her pay; that, after she was diagnosed with cancer and presented to the hospital, she was informed that her insurance had been cancelled for non-payment; that she did not receive notice that her policy had been cancelled; and that Carter & Cooley continued to deduct for the premiums from her pay without informing her that it had ceased payment.

In June, this action was removed by Carter & Cooley, Sackheim, and Pace on the ground that Woods' claims are governed exclusively by the Employee Income Security Act of 1975 (ERISA), 29 U.S.C. § 1001, *et seq*. That July, Woods moved to remand for lack of jurisdiction on the basis, *inter alia*, that even if the policy could be considered an ERISA plan, it terminated before her claims arose, thus precluding ERISA preemption according to ***Callaway v. G.S.P., Inc.***, 793 F.Supp. 133 (S.D. Tex. 1992). Shortly thereafter, Republic filed (1) a notice of joinder in removal, to which it attached 14 exhibits including the affidavit of Patt Gersh, a vice president for Republic who had personal knowledge of

2

Woods' policy, (2) its answer, to which it attached a copy of the benefits provisions of the policy, and (3) a Rule 12(b)(6) motion to dismiss for failure to state an ERISA claim, which incorporated evidence including the Gersh affidavit from Republic's removal exhibits.

In late August, Republic responded to Woods' remand motion; and, on September 13, Woods responded to Republic's motion to dismiss, claiming, *inter alia*, that its reliance on the Gersh affidavit converted the motion into one for summary judgment, which would be premature because there had been insufficient time for discovery. The record, however, does not reveal a Rule 56(f) motion for a continuance. On September 15, the joint discovery/case management plan was filed, in which it was agreed, *inter alia*, that discovery would take one year.

The district court held a hearing on October 2, and the handwritten minute entry reflects the following: this "case will not be remanded" (no explanation was given as to whether the court found ERISA preemption or would exercise supplemental jurisdiction, and no order was entered denying Woods' motion to remand); Republic's motion to dismiss was continued until October 5, by which date Woods was to "submit a brief, succinct statement of why notice of Woods' policy termination was required"; Woods, Sackheim, and the bookkeeper were to be deposed before November 6, 1995; Republic was to "furnish everything it has about Woods'

policy from its inception to its death, including attempts at resurrection"; Woods was to "furnish her W-2's and any documents about the insurance policy & benefits"; and Carter & Cooley was to "produce a list of its employees' names & addresses for the 6 months before & after the date Woods discovered she had no insurance".

As ordered, Woods filed the statement and supplemental evidence on October 5, which addressed her state law claim against Republic regarding notice of cancellation; and on October 13, Republic filed its response and supplemental evidence on that issue. Then on October 23, Woods filed a reply to Republic and two deposition notices. However, on October 24, the district court entered a one-sentence summary judgment for Republic with no explanation, dated October 18.

Woods voluntarily dismissed Carter & Cooley, Sackheim, and Pace on November 27; and the district court dismissed the action. (Republic wrongly asserts that we do not have jurisdiction over this appeal, claiming it was included in the voluntary dismissal; but Republic was not included, because its counsel did not sign the stipulation. FED. R. CIV. P. 41 (a)(1)(ii).)

II.

We recognize that, under Rule 52(a), findings of fact and conclusions of law are not necessary for decisions on Rule 56 motions, and that we conduct a *de novo* review of summary judgments.

4

However, we cannot discern from the record what exact issues were before the district court, how part or all of them related to ERISA preemption and Woods' state law claim against Republic, or whether Woods was to have received additional time for discovery on some or all of these issues. Accordingly, this case is remanded for such additional discovery as may be necessary, and for the district court to enter findings of fact and conclusions of law as to why it has dismissed this action, including findings and conclusions concerning its jurisdiction, *vel non*, under ERISA and concerning the issues presented by Republic's motion to dismiss (summary judgment motion).

III.

For the foregoing reasons, the judgment is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this opinion.

*VACATED and REMANDED*