**VENT INTENSIVE PROVIDERS, INC., A Florida Corporation, and Dr. Eric A Lang, individually, Plaintiffs,**

v.

**TROPICAL INTERNATIONAL CORP., A Florida Corporation, Defendant.**

**No. 98–1853–Civ.**

United States District Court, S.D. Florida.

March 10, 1999.

Linda G. March, Miami Beach, FL, Warren J. Stamm, Concepcion, Sexton & Urdaneta, Coral Gables, FL, for plaintiff Vent and Dr. Lang.

Amanda C. Barry, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Miami, FL, for defendant Tropical.

## *ORDER GRANTING PLAINTIFFS' MOTION TO REMAND*

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and Plaintiff's Motion for Remand. This Court heard arguments from both parties on these motions at a hearing on March 9, 1999. Plaintiffs originally filed in state court, but Defendants removed to this Court on the contention that jurisdiction exists because the complaint involves a welfare benefit plan covered by ERISA

and Plaintiffs' suit is grounded in state law tort and contract claims which are preempted by ERISA. Count 1 of the complaint alleges that Tropical, a used auto parts business, breached its agreement/contract to provide Leonor Alvarez, its employee, with continuous health care coverage; Counts 2 and 3 allege that Tropical owes a sum certain on account for medical services ($133,785.00); and Count 4 alleges Tropical was negligent in failing to provide health insurance coverage and benefits.

Plaintiffs were third party medical providers who rendered services for Ms. Leonor Alvarez from Sept. 15, 1995 to the date of her death caused by end-stage AIDS on Oct. 15, 1995. Ms. Alvarez was an employee of Tropical, the Defendant. Upon her death, Plaintiffs submitted bills to Humana for payment, but they were denied because Humana had terminated her policy before the medical services at issue began. *See* Exhibit B to Plaintiffs' complaint. Plaintiffs allege they were then informed that the Defendant had obtained health insurance for its employees with Physicians Corporation of America (PCA). Upon submission of the claim to PCA, PCA denied the claim stating that they had no documentation for Ms. Alvarez and that coverage was never extended nor could it be offered to her. *See* Exhibit C to Plaintiff's Complaint. Thereafter, Plaintiffs initiated suit in state court against the Defendant for various state law causes of action concerning the employee-employer relationship, as stated above.

Defendant filed a motion to dismiss based on ERISA preemption of all state and common law causes of action that relate to ERISA covered plans. Defendants allege that the ERISA "plan" is the Humana or PCA plan that Ms. Alvarez was or should have been covered under, and that the Plaintiffs' claims relate to this plan. Defendants point the Court to cases in which medical providers have sued employee benefit plans for the recovery of benefits resulting from treatment.

Plaintiffs filed a response and also a motion to remand. Plaintiffs' arguments in opposition to dismissal and in favor of remand are essentially one and the same. Plaintiffs agree that while ERISA does preempt all state laws as they relate to an employee benefit plan, their complaint does not relate to such a plan because there was no plan in effect for Ms. Alvarez and Plaintiffs did not sue the "plan" or any plan on typical ERISA causes of action. Thus, Plaintiffs request a finding that there is no federal jurisdiction over this case and an order of remand to state court. For two separate but related reasons, removal was improper because no "ERISA case" exists at this time and this cause must be remanded for lack of federal question jurisdiction.

Although the scope of ERISA preemption is broad, it does have its limits. See for example, *Lordmann Enterprises v. Equicor, Inc.,* 32 F.3d 1529 (11th Cir.1994) (ERISA does not preempt a third party health care provider's misrepresentation claim against an ERISA administrator because the relation to ERISA is too tenuous); *Memorial Hospital System v. Northbrook Life Ins.,* 904 F.2d 236 (5th Cir.1990) (same); *Hospice of Metro Denver, Inc. v. Group Health Ins.,* 944 F.2d 752 (10th Cir.1991) (same). In general, courts have been less willing to apply preemption as expansively as in the past, and there is a preference for remand where federal jurisdiction is not absolutely clear. *Whitt v. Sherman Int'l. Corp.,* 147 F.3d 1325, 1333 (11th Cir.1998). In any event, it is clear that this case presents no basis for federal jurisdiction at this time.

The Eleventh Circuit has recently stated on different but analogous facts that the "central inquiry" in these types of cases is whether there is an ERISA "plan" as of the date of removal and/or the date of filing suit. *Whitt,* 147 F.3d at 1330, 1332; *see also Thomas v. Burlington Industries, Inc.,* 769 F.Supp. 368, 369 (S.D.Fla.1991) (court must first look to see if in fact an ERISA welfare benefit plan exists).

Cases from other jurisdictions stand for the same proposition. *See e.g., Memorial,* 904 F.2d at 246 (if a patient is not covered under an insurance policy, "a provider's state law action ... would not arise due to the patient's coverage under an ERISA plan, but precisely because there is no ERISA coverage"); *Pilot Life Insurance v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) ("[i]f the insurance coverage *provided to Plaintiff* was provided under an employee benefit plan, Plaintiff's causes of action are pre-empted by ERISA"). *Emphasis added.*

While the insurance plans that the Defendant Tropical had or has for its employees are presumably ERISA plans, and while a plan by Humana at one time covered Ms. Alvarez, the record that this Court has before it reflects that Ms. Alvarez was not covered under any ERISA type plan—Humana, PCA, or otherwise—during the relevant time periods of her treatment.[1] No statements were made at the hearing that would alter this conclusion.

Thus, here as in *Whitt,* no ERISA "plan" existed during the relevant time periods, no ERISA "plan" existed when the case was removed, and, "consequently, no federal question jurisdiction" exists. *Whitt,* 147 F.3d at 1332. Plaintiffs' claims against Defendant arise precisely because on the record before the Court, there was no ERISA "plan" for Ms. Alvarez.

■ Secondly, plaintiffs may bring "civil enforcement actions" pursuant to ERISA § 1132(a)(1)(B). Specifically, Plaintiffs may bring a suit (1) to recover benefits under the plan, (2) to enforce the participant's rights under the plan, or (3) to clarify rights to future benefits. A plaintiff's complaint may be deemed to state a federal claim warranting removal only if one or more of the claims is properly characterized as one of the three types above. *Whitt,* 147 F.3d at 1330. If a

plaintiff's state law claim is essentially one of the three, it is said that the claim "relates to" ERISA.

Plaintiffs' basic claims, however, have none of the characteristics of an § 1132 action sufficient for federal jurisdiction. Although Defendants characterize it as a suit to recover benefits from the plan, it is not. First of all, Plaintiffs have not sued a plan, as there apparently is no plan to sue on the record before the Court. Plaintiffs do not claim any rights under the plan the Defendant had or has in place, they do not claim any breach of the plan contract, but rather breach of the employment contract between Ms. Alvarez and Defendant, and they do not seek to modify or enforce the terms of the plan. *Hospice of Metro Denver,* 944 F.2d at 754. *See e.g., Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (need for determination of whether the existence of a pension or insurance plan is "a critical factor in establishing liability"); *Sanson v. General Motors Corp.,* 966 F.2d 618, 621 (11th Cir.1992) (same). *See also, Hospice of Metro Denver,* 944 F.2d at 755 (lack of alternate remedies in event of preemption deserves consideration).

The Court having considered the matter and being otherwise advised in the premises, it is hereby ORDERED and ADJUDGED that

Plaintiffs' Motion for Remand is GRANTED.

---

**1.** Plaintiff has attached letters to its complaint from both Humana, which indicate that Ms. Alvarez' coverage terminated on August 31, 1995, and letters from PCA, which indicate that Ms. Alvarez never had coverage. Her treatment took place from September 15, 1995 to October 15, 1995.