61 P.3d 468

**Annette Louise SATTERLY and Richard Wesley Satterly, wife and husband; Cheryl Louise Magby, adult individual; Altagracia Madrid, adult individual; Bonnie Verla Fernandez and Kenneth James Fernandez, wife and Husband; Colleen Ann Audis and Archie Leon Audis, wife and husband, Plaintiffs–Appellants,**

v.

**LIFE CARE CENTERS OF AMERICA, INC., a.k.a. Life Care Centers of America DBA Las Fuentas Care Center, a Tennessee corporation, Defendant–Appellee.**

No. 1 CA–CV 02–0121.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 9, 2003.

Snyder and Wenner, P.C. By David A. Wenner, Phoenix, and Copple, Chamberlin, Boehm & Murphy, P.C. By Scott E. Boehm, Phoenix and Siegel, Brill, Greupner, Duffy & Foster By Jordan M. Lewis, Milwaukee, WI, Attorneys for Plaintiffs–Appellants.

Bonnett, Fairbourn, Friedman & Balint, P.C. By Tara L. Jackson, Phoenix, Attorneys for Defendant–Appellee.

## OPINION

WINTHROP, Judge.

¶ 1 This appeal challenges the dismissal of the complaint based upon lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## BACKGROUND

¶ 2 In May 1998, Life Care Centers of America, Inc., dba Las Fuentes Care Center ("Las Fuentes") entered into a group service agreement with Premier Healthcare of Arizona ("Premier") to provide health insurance for Las Fuentes employees. Premier's group insurance plan (the "Plan") provided that Las Fuentes would pay the monthly premiums with deductions from the employee payroll and with its own contributions.

¶ 3 On July 6, 2001, a group of Las Fuentes employees ("Plaintiffs") filed a class action against Las Fuentes alleging that the company had, at some unknown point, stopped remitting the payroll deductions to Premier. The complaint asserts state law claims of breach of contract, breach of fiduciary duty, fraud, negligent misrepresenta-

tion, conversion, accounting, and negligence. The Plaintiffs seek special, general, and punitive damages as well as attorneys' fees.

¶ 4 Las Fuentes moved to dismiss the complaint,[1] arguing that the Plan was an "employee welfare benefit plan" under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 to 1461 (1999) and that ERISA completely preempts all of Plaintiffs' state law claims. The trial court agreed and dismissed the complaint without prejudice. This appeal followed.

## DISCUSSION

¶ 5 We review *de novo* the trial court's dismissal for lack of subject matter jurisdiction. *Ariz. Soc'y of Pathologists v. Ariz. Health Care Cost Containment Sys. Admin.*, 201 Ariz. 553, 556, ¶ 13, 38 P.3d 1218, 1221 (App.2002). The related question of preemption is also an issue subject to *de novo* review. *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir.1998).

## I. ERISA Completely Preempts the Plaintiffs' Claims.

¶ 6 Complete preemption under ERISA occurs when: (1) ERISA preempts the cause of action, and (2) the cause of action falls within the scope of ERISA's civil enforcement scheme. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Not only does complete preemption displace state substantive law, but it also recharacterizes state law claims as arising under federal law for purposes of determining federal question jurisdiction. *Id.* at 65–67, 107 S.Ct. 1542. In this case, complete preemption exists because the Plaintiffs' claims are preempted and fall within the scope of 29 U.S.C. § 1132(a).

### A. The Plaintiffs' Claims Relate to an ERISA Plan and are Preempted.

¶ 7 ERISA preempts all state laws, and state law causes of action, "insofar as they may now or hereafter relate to any

employee benefit plan...." 29 U.S.C. § 1144(a); *see also* 29 U.S.C. § 1144(c)(1) (defining state laws as "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State."). The preemption clause "is conspicuous for its breadth" and "[i]ts 'deliberately expansive' language was designed to 'establish ... plan regulation as exclusively a federal concern.'" *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 138, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), *superseded on other grounds, Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

¶ 8 The United States Supreme Court has explained that a state law claim "relates to" a benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). More recently, the Court has looked to ERISA's objectives when undertaking this analysis. *Cal. Div. Of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325, 117 S.Ct. 832, 136 L.Ed.2d 791 (1997) (concluding that a state prevailing wage law had only an indirect economic impact on ERISA plans, and therefore was not preempted). These objectives include the creation of a uniform body of benefits law to minimize administrative and financial burdens of complying with varied state laws, *Ingersoll*, 498 U.S. at 142, 111 S.Ct. 478, and the advancement of ERISA's broad remedial purposes. *Barnes v. Indep. Auto. Dealers Ass'n of Cal. Health & Welfare Benefit Plan*, 64 F.3d 1389, 1392 (9th Cir.1995) ("ERISA is remedial legislation which should be liberally construed in favor of protecting participants in employee benefit plans.")(quoting *Batchelor v. Oak Hill Med. Group*, 870 F.2d 1446, 1449 (9th Cir. 1989)).

¶ 9 In the analogous case of *Robinson v. Linomaz*, the plaintiffs sued under theories of fraud, breach of fiduciary duty, and negligence to recover medical costs resulting from the defendants' cancellation of a health insurance policy. 58 F.3d 365, 367 (8th Cir.1995).

---

1. At oral argument, counsel for Las Fuentes conceded that another procedural option was a petition for removal pursuant to 28 U.S.C. § 1441(b), and that, by its motion to dismiss, Las Fuentes

did not intend to deprive plaintiffs of the opportunity to have their claims addressed on the merits.

The defendants moved to dismiss arguing that ERISA preempted the state law claims; however, as in this case, the plaintiffs contended that their claims did not relate to an ERISA plan. *Id.* at 367, 370. The Eighth Circuit upheld the dismissal because it found an analysis of the plaintiffs' claims, which stemmed from the termination of the underlying ERISA plan, required reference to the plan's terms and the statute. *Id.* at 370.[2]

■ ¶ 10 In the instant case, the Plaintiffs assert claims for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, conversion, negligence, and accounting. ERISA makes clear that Las Fuentes has a fiduciary duty to remit insurance payments, in a timely fashion, to the insurer. *See Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 469, 471 (7th Cir.1997)(holding that an employer who contributed two-thirds of monthly plan payments and deducted the remaining one-third from employee paychecks had a fiduciary duty under ERISA to forward the premiums to the health insurer in a timely manner). Each claim asserted by the Plaintiffs derives from Las Fuentes' alleged failure to remit the insurance premiums to Premier. As a result of that failure, Plaintiffs sustained damage. To evaluate the Plaintiffs' claims and Las Fuentes' obligations, the trial court must refer to the terms of the Plan.

■■ ¶ 11 In summary, the existence of the health plan is a critical factor in establishing liability under the various state causes of action asserted by Plaintiffs. *Ingersoll–Rand v. McClendon*, 498 U.S. at 139–40, 111 S.Ct. 478. As a result, these causes of action relate "not merely to the [health care] benefits but to the essence of the [health plan] itself." *Id.*, 498 U.S. at 139–40, 111 S.Ct. 478.[3]

¶ 12 In a supplemental citation of authority, the Plaintiffs direct us to a recent Ninth Circuit Court of Appeals case as support for their position that ERISA does not preempt their state law contract and tort claims. In *Bui v. American Telephone & Telegraph Company, Inc.*, 310 F.3d 1143 (9th Cir.2002), the court held that state law medical malpractice claims were not preempted by ERISA. The *Bui* court recognized the distinction between providing medical advice and treatment (an area traditionally governed by state law and standards of practice) and health plan administrative functions and decisions (an area consistently considered to be preempted by ERISA). Accordingly, the *Bui* court reversed the district court's ruling that ERISA preempted the malpractice claims, but affirmed the application of and preemption by ERISA concerning breach of contract and other tort claims arising out of administrating the employee health plan. The "bright line" test utilized by the court in determining preemption was as follows: "If a claim involves a medical decision made in the course of treatment, ERISA does not preempt it; but if a claim involves an administrative decision made in the course of administering an ERISA plan, ERISA preempts it." 310 F.3d at 1149.

¶ 13 Here, the Plaintiffs' claims do not involve any allegation of negligent medical advice or treatment. Instead, the claims focus on the administrative failure to remit premiums to the insurer, an obligation not only required by the terms of the Plan agreement, but obviously a necessary part of the administration of an ERISA plan. As such,

2. Other courts agree. *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir.1991)(holding that claims related to an ERISA plan were preempted because they required a finding that the defendant wrongfully terminated insurance coverage); *Thomas v. Healthplan Servs., Inc.*, 74 F.Supp.2d 1196, 1198–1201 (M.D.Fla.1999)(holding that preemption applied to breach of contract, bad faith, fraud, and breach of fiduciary duty claims arising out of cancellation for late payment); *Weems v. Jefferson–Pilot Life Ins. Co.*, 663 So.2d 905, 907, 914 (Ala.1995)(finding state law claims pertaining to non-payment of premiums related to an ERISA plan and were thus preempted); *Time Ins. Co. v. Roberts*, 191 Ga.App. 766, 382 S.E.2d 718, 719 (1989)(concluding that state common law claims for damages arising from an alleged failure to pay insurance premiums were related to an ERISA plan and were therefore preempted).

3. *See also Settles*, where the court acknowledged the linchpin to our analysis here: "[C]ommon law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." 927 F.2d at 509.

these claims are preempted by ERISA. *Id.* at 1151; *see also Greany v. W. Farm Bureau Life Ins. Co.,* 973 F.2d 812, 818 (9th Cir.1992)(holding preempted a plan's failure to procure the proper coverage and services.).

### B. Plaintiffs Qualify As "Plan Participants" Under ERISA

¶ 14 In an effort to avoid preemption, the Plaintiffs alternatively argue that they are not Plan "participants" within the meaning of ERISA. Further, they argue that their lack of participation strips them of standing to assert an ERISA claim in Federal Court. We reject both arguments.

¶ 15 ERISA broadly defines a plan participant to include "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). To establish that a claimant may become eligible for benefits, "a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117–18, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Here, Plaintiffs argue that, but for their employer's wrongdoing, they would qualify for insurance benefits. Ultimately, that argument creates a colorable claim for benefits sufficient to qualify the Plaintiffs as plan participants for purposes of ERISA standing.

¶ 16 *Willett v. Blue Cross & Blue Shield of Alabama* is instructive. 953 F.2d 1335 (11th Cir.1992). In *Willett,* the employees sued their group health insurer for breaching its fiduciary duty to inform them that their employer had not paid the required premiums due under their insurance plan. *Id.* at 1339. With respect to one of the plaintiffs, the insurer argued that it was not liable, as a matter of law, because the plan was suspended for nonpayment prior to the date when the plaintiff's benefits were to begin. *Id.* at

1342. In rejecting this argument, the Eleventh Circuit reasoned that the plaintiff's status as a plan participant arose because 1) he would have been entitled to plan benefits if the premiums been paid and 2) because the insurer knew that the plaintiff anticipated receiving plan benefits. *Id.* Consequently, ERISA entitled plaintiff to prompt notice of the plan's suspension, and damages resulted when the insurer failed to provide the required notice. *Id.* at 1342–43.

¶ 17 Likewise, in *Sofo v. Pan–American Life Ins. Co.,* 13 F.3d 239 (7th Cir.1994), a plaintiff contended that an insurer wrongfully rescinded her health insurance policy. The insurer joined the plaintiff's employer in removing the case to federal court based upon ERISA preemption. *Id.* at 240–41. The Seventh Circuit held that under ERISA the plaintiff had standing as a plan participant because she demonstrated a colorable claim for benefits. *Id.* at 241. The court rejected as "circular" the plaintiff's argument that she could not be a plan participant because the provider wrongfully rescinded the plan, explaining that but for the wrongful rescission, she would still be a plan participant within the scope of ERISA. *Id.*

¶ 18 Like the claimants in *Willett* and *Sofo,* the Plaintiffs here have standing as ERISA plan participants to pursue claims against Las Fuentes for wrongful termination of their insurance coverage. A contrary approach enables employers to both escape liability under ERISA while also depriving potential claimants of standing to sue. *See generally Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1221 (5th Cir.1992) (reasoning that an "employer should not be able through its own malfeasance to defeat the employee's [ERISA] standing."). Such a result would frustrate ERISA's comprehensive remedial purposes. *See also Barnes,* 64 F.3d at 1392; *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1501–02 (9th Cir.1985); *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1356 (9th Cir.1985).

¶ 19 The cases cited by Plaintiffs do not hold otherwise. In *Waks v. Empire Blue Cross/Blue Shield,* the plaintiff sought benefits under an individual insurance policy that was distinct from the ERISA plan estab-

lished by her employer. 263 F.3d 872, 873 (9th Cir.2001). The plaintiff did not allege that the employer wrongfully terminated the ERISA plan or that the employer breached any of its fiduciary duties. *Id.* at 873. The sole issue addressed by the court was the narrow legal question of whether ERISA governs an individual insurance policy created through a conversion right found in an ERISA group plan. *Id.* at 874–75. The court held it did not, and that preemption would be an absurd result because an ERISA plan simply did not exist. *Id.*

¶ 20 The Plaintiffs' reliance on their remaining authorities is equally misplaced. In *Harris v. Provident Life & Accident Insurance Co.,* the plaintiffs sought reimbursement for medical expenses incurred before they became eligible for benefits under the employer's group insurance policy. 26 F.3d 930, 931–32 (9th Cir.1994). Similarly, in *Curtis v. Nevada Bonding Corp.,* the plaintiff was diagnosed with cancer before becoming eligible to participate in the plan. 53 F.3d 1023, 1027–28 (9th Cir.1995). And in *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.,* the plaintiff never became a plan participant because he expressly waived his opportunity to participate. 721 F.2d 654, 655 (9th Cir.1983).

¶ 21 In the above three cases, the plaintiffs qualified merely as potential plan participants without a sufficient relationship to an ERISA plan to invoke relief under the statute. They each lacked a colorable claim for benefits because they had not become participants prior to the alleged employer misconduct. In contrast, the Plaintiffs here concede that they became plan participants as early as 1998 and that they received benefits under the Plan at least through July 1999. Consequently, the Plaintiffs in this case have a direct relationship with an ERISA plan that provides both a colorable claim for benefits and standing to pursue Las Fuentes under ERISA.

¶ 22 Finally, Plaintiffs contend that *Vent Intensive Providers, Inc. v. Tropical Intern. Corp.,* 38 F.Supp.2d 1366 (S.D.Fla.1999) and *Callaway v. G.S.P., Inc.,* 793 F.Supp. 133 (S.D.Tex.1992) should provide guidance to this court. In each case, the district court found that, at the relevant time, no ERISA plan existed for the affected employees, and therefore concluded there was no federal jurisdiction. *Callaway,* 793 F.Supp. at 136 ("A plan must exist for this court to exercise jurisdiction under ERISA."); *Vent Intensive Providers,* 38 F.Supp.2d at 1368 (finding that no ERISA plan existed at either the time the employee was terminated or at the time of removal; accordingly, no federal question jurisdiction existed). We do not find these authorities persuasive.

¶ 23 First, unlike the situation in *Vent* and *Callaway,* the Plaintiffs do not allege that the subject ERISA plan either did not exist or had been terminated as of the date of the Plaintiffs' Complaint. Accordingly, an ERISA plan existed and Las Fuentes' alleged wrongdoing, relative to its fiduciary obligations arising out of that plan, forms the central basis of the Plaintiffs' claims here, albeit expressed in the Complaint as state common law tort and contract claims.

¶ 24 Second, both *Vent* and *Callaway* are federal district court decisions. Neither was apparently appealed, and we doubt that the respective circuits would adopt such a narrow view of ERISA's scope and application. *See, e.g., Hall v. Blue Cross/Blue Shield of Ala.,* 134 F.3d 1063, 1065 (11th Cir.1998) (holding that plaintiff's state law claim of fraudulent inducement was preempted because "the terms of [the policy] are critical to the resolution of [the claim]. . . .)"; *Corcoran v. United Healthcare,* 965 F.2d 1321, 1331–32 (5th Cir.1992) (holding that ERISA preempts state law medical malpractice claims when the treatment decision relates to a cost containment provision in the plan and not to the physician's medical decision made in the course of treatment; preemption applied despite leaving the plaintiff without a remedy in either state or federal court).

¶ 25 Finally, and more importantly, our decision is consistent with the federal trend interpreting ERISA's applicability and preemptive scope. *See, e.g., Gulf Oil Corp.,* 754 F.2d at 1504 ("We have held . . . that claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are nonetheless preempted when the claims arise from the administration of such plans.").

### C. The Plaintiffs' Claims Fall Within 29 U.S.C. § 1132(a).

¶ 26 Plaintiffs' claims are both preempted and encompassed by 29 U.S.C. § 1132(a). Section 1132(a) empowers participants and beneficiaries to seek relief and enforce rights under the applicable plan. 29 U.S.C. § 1132(a). In this case, the Plaintiffs, in their roles as ERISA plan participants, assert claims against Las Fuentes, in its role as employer, administrator, and/or fiduciary under the Plan. Accordingly, the dispute between Plaintiffs and Las Fuentes falls squarely within the scope of 29 U.S.C. § 1132, and is manifestly the type of dispute Congress intended to resolve under the statute. *See generally General Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir.1993)(distinguishing between what ERISA preempts and what it does not requires a recognition that "the statute comprehensively regulates certain relationships: for instance, the relationship between plan and plan member, between plan and employer, between employer and employee (to the extent an employee benefit plan is involved), and between plan and trustee.").

¶ 27 Because the Plaintiffs' claims relate to an ERISA plan and are encompassed by 29 U.S.C. § 1132(a), ERISA completely preempts and recharacterizes those claims as federal causes of action. *See Taylor*, 481 U.S. at 65–67, 107 S.Ct. 1542. Las Fuentes had a fiduciary duty under ERISA to remit insurance payments to Premier in a timely fashion, *See Mira*, 107 F.3d at 469–71, and each of the Plaintiffs' claims arises from and relates to the alleged breach of this duty. Consequently, the claims can be recharacterized as ERISA claims under 29 U.S.C. § 1132(a).

### II. The Trial Court Lacked Subject Matter Jurisdiction to Hear the Plaintiffs' Claims.

¶ 28 29 U.S.C. § 1132(e)(1) governs subject matter jurisdiction for private suits under ERISA. The statute grants federal courts exclusive jurisdiction over all actions brought by participants and beneficiaries. The sole exception is for those actions under 29 U.S.C. § 1132(a)(1)(B) seeking to enforce or declare the benefit rights of a beneficiary or participant. This case does not fall within the exception because the Plaintiffs here seek damages arising from an alleged breach of fiduciary duty and a failure to remit insurance premiums under 29 U.S.C. § 1132(a)(2). *See Time*, 382 S.E.2d at 719–20 (because the plaintiffs sought damages for an alleged breach of fiduciary duty and the failure to pay insurance premiums when due, the claims did not fall within the scope of 29 U.S.C. § 1132(a)(1)(B) so as to provide state courts with concurrent jurisdiction); *see also Gesina v. Gen. Elec. Co.*, 162 Ariz. 39, 42, 780 P.2d 1380, 1383 (App.1988) (finding that the state court lacked jurisdiction to address the claim that the defendant breached fiduciary duties under ERISA). Therefore, we hold that even if the state law claims were recharacterized as ERISA claims, the state trial court would still lack jurisdiction. This holding obviates the need to address the alternative argument that the Plaintiffs' complaint failed to state a claim under Rule 12(b)(6) of the Arizona Rules of Civil Procedure.

### CONCLUSION

¶ 29 We affirm the dismissal of the Plaintiffs' complaint based upon lack of subject matter jurisdiction

CONCURRING: PHILIP HALL, *Presiding Judge* and JOHN C. GEMMILL, *Judge.*